UNIVERSAL LIFE INSURANCE COMPANY v. IRENE WHITEHEAD,
ADMINISTRATRIX.

INSURANCE.    *Paid-up policy.    Condition precedent.*

Where a policy of life insurance provides that, upon default in the payment of
any premium after three annual payments have been made, the policy-holder
may exchange it for a paid-up term-policy, upon condition of delivering the
original policy, duly receipted, to the insurance company within sixty days
after the default in payment, such condition is a condition precedent to the
right of the assured to demand the paid-up term-policy. And the fact that
the insurance company is enjoined, during the sixty days after such default
in payment, from issuing any policies is no excuse for the failure of the as-
sured to deliver up the original policy, receipted, within that time.

APPEAL from the Chancery Court of Hinds County.

Hon. E. G. PEYTON, Chancellor.

On the 2d of September, 1873, P. F. Whitehead took out a
policy of insurance on his life in the Universal Life Insurance
Company for the sum of $3,000, the premiums to be paid
quarter-annually, on the 2d of September, December, March,
and June of each year. The premiums were all paid up
to and including that of June 2, 1877, making four full
annual premiums. Soon thereafter, the attorney-general of
the State of New York filed an information in the Supreme
Court of that State representing that the superintendent of
insurance of the State of New York had communicated to him
that the Universal Life Insurance Company was insolvent, and
praying for an order requiring said company to show cause
why its business should not be closed, the company dissolved, a
receiver appointed, and a distribution had. On the twenty-third
day of August, 1877, said Supreme Court made an order re-
straining and enjoining said company from exercising any of its
privileges and franchises, except receiving and paying moneys
as therein authorized ; and from paying out or in any way
transferring or delivering to any person any of the effects,
moneys, or property of the company, except for salaries of
employees and officers then due ; and from collecting or
receiving any debts or demands, except interest, agents' bal-

ances, and premiums, until the court should otherwise order. This restraining order was not modified until the 29th of October, 1878, when the injunction was released; and within the period between the 23d of August, 1877, and the 29th of October, 1878, no policies were issued by the company.

On the 2d of September, 1877, P. F. Whitehead went to the agent of the Universal Life Insurance Company, and proposed to pay the premium which became due on that day; but he was advised by the agent to await the result of the litigation in New York, and see whether the company would resume business. Whitehead acted upon this advice, and did not pay the premium then due.

One of the stipulations in the policy was as follows : " That in case of default in any payment, after three full years' payments have been made thereon, this policy may be exchanged for a paid-up term-policy of the same amount on the life of the person upon whom this policy is issued, for a term as stated in the table given below, subject to the provisions and conditions following, to wit : that this policy, duly receipted, shall have been transmitted to and received by the said company within sixty days after such default; and that no condition of this policy shall have been violated. By the terms of the new policy, the full amount named therein, without any deduction whatever, shall become payable on the death of the person upon whose life this policy is issued, provided said death occur within the time named in the new policy."

In September, 1878, P. F. Whitehead died. Proof of his death was duly made according to the terms of the policy, and demand was made for the amount of the insurance; which demand was refused. And on the 6th of December thereafter, Irene Whitehead, as administratrix of the estate of P. F. Whitehead, demanded of the insurance company a paid-up term-policy, as provided in the stipulation above recited; and this demand was also refused.

Thereupon she filed the bill in this cause against the Universal Life Insurance Company, praying for a decree declaring her

entitled to a paid-up term-policy, directing an account to be taken, and requiring the defendant to pay her the amount found due on such policy. The defendant demurred to the bill. The demurrer was overruled, and the defendant appealed.

*J. H. Watson*, for the appellant.

The demurrer to the bill should, in my opinion, have been sustained.

The bill is filed upon the theory that the policy upon the life of Peter F. Whitehead was forfeited for non-payment of the premium falling due September 2, 1877, and that the fact that the company was at that time under an injunction, restraining it from the exercise of any of its corporate rights, relieved Whitehead from the necessity of surrendering the original policy, duly receipted, within sixty days after his default, according to the condition of the contract.

We are willing to concede that the policy was forfeited September 2, 1877, but we deny that the injunction under which the company then was, rendered it unnecessary for Whitehead to receipt and surrender the original policy within sixty days after such default in order to get the benefit of the condition in said policy with reference to its surrender. Our construction of this condition of the policy is, that it simply gave to Whitehead the privilege of making a new contract with the company, by which, upon the doing of certain things by him, the company would insure his life for a certain term. Upon his failure to pay the premium which matured September 2, 1877, the only right remaining to him under and by virtue of his contract with the company was the privilege of complying with the condition prescribed as necessary to entitle him to this paid-up term-policy. This he failed to do; and we submit that when the sixty days after the forfeiture expired, every right under said policy was lost. He could at any time within the sixty days have saved his right under the condition referred to, by doing what he was required to do; and if at the time of the surrender, within the sixty days, the company was disabled

from issuing the term-policy, his right to it would have been unimpaired, and when the disability was removed the company would have been bound to issue it. Whitehead never intimated to the company that he wanted this paid-up term-policy, and but for his death the probability is that no demand for it would have ever been made.

In the next place, we submit that, after a forfeiture, this paid-up policy could only be demanded and the original policy surrendered during the life of the insured. The very terms of the condition plainly import that the person upon whose life the term-policy is to be issued must be alive. The fact is, that it would simply be absurd to talk about issuing a *life-policy* for any period upon a dead man. See May on Ins., sects. 353, 355.

It must be borne in mind that the proceedings against the insurance company in New York were instituted by third parties, and not by the insurance company itself, and that there has never been a time since Whitehead insured when the company did not have a perfect legal right to receive and receipt for all premiums as they matured.

The case of *In re Albert Insurance Company*, L. R. 9 Eq. (33 Victoria) 705, relied upon by counsel for appellee, was a case in which the company was wound up upon its own petition, and at the time the premium matured the affairs of the company were in other hands; so that it was rendered impossible, by the act of the company, for the policy-holder to comply with his contract, and hence the court held that his rights were unaffected by his failure to do that which the company itself had made impossible.

*J. H. Watson* made an oral argument also.

*Pittman, Pittman & Smith,* for the appellee.

The decision of the chancellor is correct, and should be affirmed.

The case under consideration bears a very strong analogy to a certain class of cases arising under what may be called conditional contracts, — that is, contracts which impose on the obligee the performance of certain things, or of a certain thing, before he can call upon the obligor to perform his part of the contract, — and in these cases it is always held that it is a sufficient excuse for the obligee not having done what is required of him, to say that he has ascertained that the other party will not be able to do that which he has undertaken to do.

" It is a good defence to an action on a contract that the obligation to perform the act required was dependent upon some other thing, which the other party was to do and has failed to do. And if, before the one party has done anything, it is ascertained that the other party will not be able to do that which he has undertaken to do, this will be a sufficient reason why the first party should do nothing." 2 Pars. on Con. 675, and cases cited in note *n.*

Now, apply this reasoning to the case of Whitehead, and we see that he has done everything that his policy required him to do : that he paid his premiums punctually up to the day that the company had, by its own act, disabled itself from performing the contract. He then, by the advice of the agent of the company, ceased to pay premiums, and awaited the action of the courts, to see whether or not the company should be allowed to proceed with its business. He did not forward his policy, duly receipted, because the company could not give him the paid-up policy as stipulated in the original policy. It was restrained from exercising any of its corporate rights and franchises, and hence could not issue a new policy. It could not even receive the policy, duly receipted, in the sense in which the policy stipulated, and the only thing left for the

insured to do was exactly what he has done.   To hold now that the appellee is not entitled to the relief prayed for would be to hold that the company could take advantage of its wrong, and enforce a forfeiture of the rights of the assured as a consequence of that wrong.

In the case of *In re Albert Insurance Company*, L. R. 9 Eq. 703, it was held that where the insured had neglected or failed to pay his premium maturing after proceedings had been inaugurated by the company to wind up its business, the insured did not forfeit his rights under the policy ; because the company had, by its own act, rendered it absolutely impossible for the assured to perform the condition precedent imposed upon him.

" The non-payment of a premium falling due after an order issued, upon the petition of the insurers, to wind up the affairs of the insurance company, does not work a forfeiture of the rights of the insured against the company.   This is, practically, a determination of the contract by them, and not by the policy-holder.   He, therefore, need take no further steps to keep his policy alive."   May on Ins., sect. 358.

*Murray F. Smith*, of counsel for the appellee, argued the case orally.

CAMPBELL, J., delivered the opinion of the court.

The assured had an option to pay the stipulated premiums and thereby continue the policy in force, or to make default in payment and abandon the policy, or to obtain a paid-up term-policy as provided for ; but in order to entitle himself to a paid-up term-policy he was required, within sixty days after default in payment of the premium, to deliver the original policy, duly receipted, to the company.   This was a condition precedent, upon the performance of which a right was to accrue to the assured to have a new policy on his life for a prescribed time.

The fact that the company was enjoined from the performance of corporate acts except as stated in the order for in-

junction, and was thus temporarily disabled to issue a paid-up term-policy to the assured if he had within sixty days after his default in payment delivered his policy, duly receipted, to the company, did not change the terms on which alone he was entitled to a paid-up term-policy. The right to such a policy did not depend on any act or omission of the company, but on something to be done by the assured. It was at his option to secure a right by certain acts; and although the company may not have responded to his demand, his right would have been made clear by the concurrence of those acts by which it was to arise.

Although the company was enjoined from issuing a paid-up term-policy, the assured was not hindered from doing what would have entitled him to such policy, and which could have been enforced if he had entitled himself to it.

The doctrine that the obligation to perform some act in order to entitle a party to recover against the other party to a contract is excused by the fact that such other party is disabled to do what he has undertaken to do, is not applicable here.

The question presented by this case is, whether the temporary and transient interference by injunction with the regular exercise of its corporate powers by the insurance company entitled the assured to demand a new policy upon conditions different from those stipulated in the policy.

The assured was required to do something which he alone could do, without which he had no right. The obligation of the company was to spring from the doing of the thing stipulated to be done by the assured. The temporary incapacity of the company to issue a paid-up term-policy, if it had been called for, did not entitle the assured to pretermit what he was required to do to create a liability against the company, and subsequently to call for a recognition of the right he had lost by his own delay. He should have performed the conditions imposed on him, and his right would have been clear. Had he sent the policy, duly receipted, to the company within sixty days after the default in payment of the premium, it

cannot be affirmed that a paid-up term-policy would not have been issued. The injunction might have been so modified as to allow the company to issue such policy. It is so manifestly proper that it should have been that it may be assumed that it would have been, and that the assured would have received the paid-up term-policy to which he would have been entitled if within sixty days after default in payment he had delivered the policy, duly receipted, to the company. If not, his right and the liability of the company would still have been clear. The restraint of the company proved to be temporary. The assured had no right to assume that it would be perpetual. The hinderance to the performance of corporate acts by the company was not its own act or by its procurement. It had not disabled itself from issuing a paid-up term-policy. It had not sought the injunction, although it had so acted as to subject itself to it.

This case is obviously distinguishable from *In re Albert Life Assurance Company*, L. R. 9 Eq. 703, relied on by the counsel for the appellee. In that case the assured had to perform a condition, the performance of which entitled him to certain benefits, and before the day arrived on which he was to perform the condition, " the company rendered it absolutely impossible, by their own act, for him to perform that condition." Because, *by its own act*, the company had *determined* the contract, for all practical purposes, it was held that non-payment of the premium due after that act did not affect the claim of the policy-holder. In the case at bar the contract was determined by the policy-holder, — by his failure to pay the premium, and by his failure to do what was necessary to entitle him to a paid-up term-policy, — and the company was not absolutely incapacitated to comply with what would have been its obligation if the assured had done what was necessary on his part. He was at least bound to signify his election to take a paid-up term-policy, and could not refuse to pay the premium because of the embarrassment of the company, fail to signify his option to have a paid-up term-policy, and long

afterwards obtain what he thought it not worth his while to claim in accordance with the terms of the policy. Affirmative action on his part within the prescribed time was essential to counteract the effect of his default in payment of the premium, and evince his purpose not to abandon the policy. It is evident that the policy was abandoned by the assured, and that the claim for a paid-up term-policy is an afterthought. It is not maintainable.

Decree overruling demurrer reversed, and demurrer sustained and bill dismissed.