KINNE, Respondent, vs. MICHIGAN MUTUAL LIFE INSURANCE
COMPANY, Appellant.

*January 29 — February 18, 1896.*

*Life insurance: Surrender value of policy: Note given for premium.*

Settlement of the third annual premium upon a life insurance policy
by the giving of a note which was never paid did not entitle the
insured to demand the cash surrender value of the policy, where
it was provided therein that the company would pay a specified

cash value after the expiration of the third or any subsequent year for which the premium had been paid; that settlement of any premium by note should not be deemed a payment, but only an extension of the time for payment thereof; and that if premiums were not paid as provided therein the policy should cease and determine, excepting only that after three or more annual premiums had been paid it might be surrendered for its cash value, as stipulated.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Reversed.*

This was an action upon a policy of insurance for $2,500, issued by the defendant to the plaintiff upon his life, upon the endowment plan, by which it was provided, in substance, among other things, that on the surrender of the policy duly receipted by the insured and beneficiaries, within three months "after the expiration of the third or any subsequent year *for which premium has been paid*," the company would pay the cash value therein specified, which in the present case, at the end of the third year, was $194.40. The annual premium for the first and second years, it is admitted, was paid, and the plaintiff claims that on the 30th of March, 1893, he paid the premium due that day for the third year, up to March 30, 1894, and received a renewal receipt. This alleged payment was by the note of the insured for the amount of the premium, $115.22, dated March 30, 1893, payable sixty days after date; and, not having been paid at maturity, it was renewed, but remained in the hands of the company unpaid, and was tendered to the plaintiff at the trial. It was alleged, and evidence was given to show, that after the end of the third year the plaintiff offered to surrender the policy duly receipted, and demanded payment of the cash surrender value, which was refused. It was denied that the third annual premium had ever been paid, and this was the real question in issue.

The renewal receipt for the third premium was to the effect that the annual premium due March 30, 1893, had been

received on the policy, "continuing the same in force until 12 o'clock noon of the 30th day of March, 1894, . . . provided, that if any note or other obligation has been given for such premium or any part thereof, and the same or any renewal thereof shall not be fully paid when due, then for any loss occurring during such nonpayment the company shall not be liable, but the whole amount of the premium included in such note or other obligation shall be considered as earned, and the company may collect the same." The policy contained a provision to the same effect, and that "if the first or any subsequent premium on the policy shall be *settled* wholly or in part by note or other obligation, whether of the beneficiary, the insured, or any third party, *such settlement shall not be deemed a payment*, but only an extension of the time for such payment of premium;" and, further, that, "if the premiums are not paid as provided herein, then, in every such case, the company shall not be liable for the payment of the sum insured, and the policy shall cease and determine, excepting only that, after three or more annual premiums *have been paid* upon this policy, it may be surrendered for its cash value, in accordance with the agreement expressed and indorsed hereon, or it will be valid as a paid-up, non-participating policy, payable as herein provided, for as many twentieth parts of the whole amount payable at the end of the period for which the policy is issued as there have been complete annual premiums paid," which in the present case would have been $375, payable March 30, 1911, had the plaintiff actually paid three complete annual premiums. The insured stipulated in his application that "neglect to pay the premium on or before the day it becomes due shall violate the policy and forfeit the payment made thereon, except as provided in the policy."

The court was requested to direct a verdict for the defendant, but the request was refused; and a motion to set

aside the verdict for the amount claimed and interest, and for a new trial, on the ground that the verdict was contrary to the law and evidence, was denied. From a judgment against the defendant on the verdict, it appealed.

For the appellant there was a brief by *Van Valkenburg & Kershaw*, and oral argument by *W. J. Kershaw*.

*H. K. Curtis*, for the respondent.

PINNEY, J.   The note given by the plaintiff for the third annual premium would not operate as payment in the absence of an express agreement to that effect. *Paine v. Voorhees*, 26 Wis. 522; *Aultman & Co. v. Jett*, 42 Wis. 488. By the express terms of the policy, the *payment* of the third annual premium was a condition precedent to the plaintiff's right to recover the surrender value of the policy at the end of the third year. There is no claim that this condition was ever performed, unless the giving of the plaintiff's note for the third premium, and its subsequent renewal by a second note, operated as payment.   The renewal note was past due and unpaid in the hands of the defendant when the plaintiff tendered the surrender of his policy and demanded payment of its surrender value, and this note has never been paid.   The provisions of the policy on this subject are too clear and explicit to admit of any doubt as to their effect, and are conclusive against the plaintiff's contention of payment of the third annual premium by his note.   They were evidently framed to exclude any possible inference of payment from the mere giving of a note of the insured in settlement of the annual premiums.   In the language of the policy, the premium was "settled by note;" but "such settlement shall not be deemed a payment, but only an extension of the time for such payment;" and it is stipulated in the plaintiff's application for a policy that "neglect to pay the premium on or before the day it becomes due shall violate the policy. . . ."   While the renewal receipt continued the

policy until March 30, 1894, this renewal was subject to the conditions expressed therein and in the policy itself, that, if the note given for it was not paid when due, "then for any loss occurring during such nonpayment" the company shall not be liable, and that, "if the premiums are not paid as provided herein, then, in every such case, . . . this policy shall cease and determine, excepting only that, after three or more annual premiums have been paid upon the policy," it may be surrendered for its cash value, as stipulated. The condition precedent to a lawful demand for the surrender value of the policy had not been performed, and the plaintiff was in no condition to claim or recover the surrender value. He had no cause of action.

We were referred to the cases of *Mich. Mut. L. Ins. Co. v. Bowes*, 42 Mich. 19, and *Tabor v. Mich. Mut. L. Ins. Co.* 44 Mich. 324, as sustaining the plaintiff's contention that, by giving his note for the third annual premium, he had paid it and was entitled to recover. It is sufficient to say of these cases that it does not appear that the policies there under consideration contained a condition precedent, such as or similar to the one before us; nor do they declare, as this one does in substance, that a settlement by note "shall not be deemed payment, but only an extension of the time for such payment of premium."

The court erred in refusing to direct a verdict for the defendant..

*By the Court.*— The judgment of the superior court is reversed, and the cause is remanded for a new trial.