WELLS v. VERMONT LIFE INSURANCE COMPANY.

[No. 3,981. Filed January 14, 1902. Rehearing denied April 8, 1902.]

INSURANCE. — Statements of Agent Pending Negotiations for Policy. — Statements of an insurance agent pending negotiations for a policy are not, in the absence of fraud, available to vary the terms of the contract subsequently entered into. p. 621.

SAME. — Default in Payment of Premium. — Right of Insured to Paid-Up Policy. — Where by its terms a life insurance policy is forfeited upon the failure to pay an annual premium when due, but provides that after three payments are made the insured may, within six months after default, surrender the policy and receive a paid-up policy for a stated amount, the right to such paid-up policy is lost by inexcusable delay in demanding it until the six months has expired. pp. 622, 623.

SAME. — Action to Compel the Issuance of Paid-Up Policy. — Complaint. — In an action to compel an insurance company to issue a paid-up policy, an allegation in the complaint that on receipt of the policy the insured paid three annual premiums in advance to secure insurance for the face of the policy for three years, and thereafter secure paid-up insurance for the amount for which a paid-up policy would then be issued, and "that the main consideration for taking the policy and paying such premiums in advance was the agreement of the company to issue such paid-up policy on demand," was not equivalent to an averment that the policy was "surrendered" at the expiration of the three years. p. 624.

From Marion Circuit Court; H. C. Allen, Judge.

Action by Jerome B. Wells against the Vermont Life Insurance Company to compel the issuance of a paid-up

life policy.   From a judgment for defendant, plaintiff appeals.   *Affirmed.*

*S. M. Unger,* for appellant.

*E. E. Stevenson, S. N. Chambers, S. O. Pickens* and *C. W. Moores,* for appellee.

Roby, J.—Appellant's complaint consisted of three paragraphs, to each of which a demurrer for want of facts was sustained; refusing to plead further, a judgment was rendered against him, from which he appeals.   It is averred in the first paragraph of the complaint that on December 2, 1893, he applied to appellee and received from it a life insurance policy of $2,000.   A copy of the policy is filed with and made part of the pleading.   It is further averred that upon the delivery of said policy appellant paid the first three annual premiums in one lump sum of $244.68; that the policy has never been assigned and has always been free from indebtedness.   That after the payment of three annual instalments of premium, said policy provided that it might be surrendered and converted into a paid-up policy.   That on February 11, 1899, he tendered it to appellee and demanded the issuance of a paid-up policy for $300, which tender and demand were refused and not complied with.   That the policy is brought into court for the use of appellee, and that he is ready to surrender the same for a paid-up policy.

The third paragraph is not different in substance from the first.   The second paragraph contains averments designed to excuse appellant's failure to surrender the policy within the time therein stipulated and named.   The facts thus added do not amount to a charge of fraud or mistake, but consist of statements made by the agent prior to the acceptance of the written contract, in which, under the well known rule, previous negotiations were merged.

The provisions of the contract by reference to which the rights of the parties must be determined, are as follows:

"The Vermont Life Insurance Company, Incorporated 1868. In consideration of the agreement, statements and warranties contained in the application for this bond, which is hereby referred to and made a part of the contract, and of the payment in advance of $81.56, on delivery of this bond, and of the like payment thereafter, at the office of the company, Burlington, Vt., before twelve o'clock, noon, on the 2nd day of December in every year for the term of twenty years from the date hereof, hereby promises and agrees, within ten days after receipt and acceptance of satisfactory proofs of the death, during the continuance of this bond, and prior to the 2nd day of December, 1913, of Jerome B. Wells, of Indianapolis, Ind., to pay the principal sum, $2,000, at its office in the city of Burlington, Vermont, to Mrs. Golia Graves, sister, beneficiary, if living; if not, to the executors, administrators or assigns of the insured. Non-forfeiture provisions: If the instalments are not paid when due this bond may be converted into paid-up insurance for the amounts stated below, which will be payable in the same manner and conditions as provided in the face of the bond. Guaranteed paid-up values of bond if surrendered to the company in accordance with its provisions. At end of year, paid-up values; at end of 3 years, $300 paid-up insurance. If the instalments are not paid as provided herein, then in every such case the company shall not be liable for the payment of the sum insured, and this bond shall cease and determine, excepting only, that after three or more annual instalments have been paid upon this bond it may be surrendered, provided it is freed from any indebtedness to the company at the time, within six months after default in payment, for a paid-up non-participating bond, subject to all the conditions and payable as provided in a table of values written herein."

The policy stipulates (1) for the payment of premiums; (2) for their payment on a day certain; (3) for forfeiture if they are not so paid. These stipulations stand on pre-

cisely the same footing, and when appellant made default in the fourth annual payment the policy was no longer in force. *Klein* v. *New York Life Ins. Co.,* 104 U. S. 88, 26 L. Ed. 662; *Forbes* v. *Union Central Ins. Co.,* 151 Ind. 89; *Willcuts* v. *Northwestern, etc., Ins. Co.,* 81 Ind. 300.

The fourth annual payment was due December 2, 1896; within six months after that time appellant could have demanded and would then have been entitled to receive a paid-up policy or bond for $300. The tender and demand are alleged to have been made on February 11, 1899, and the question is whether at that time he was entitled to the right which was admittedly his, within six months after default.

The language of the policy is not ambiguous. It provides "That after three or more instalments have been paid upon this bond, it may be surrendered, * * * within six months after default in payment for a paid-up non-participating bond." The use of the word "may" implies and creates an option upon the part of the assured. In order to exercise that option it devolved upon appellant to surrender the policy within the time limited, as a condition precedent to the issuance of the paid-up bond or policy. *Knapp* v. *Homeopathic, etc., Ins. Co.,* 117 U. S. 411, 6 Sup. Ct. 807, 29 L. Ed. 960; *Hudson* v. *Knickerbocker Life Ins. Co.,* 28 N. J. Eq. 167; *Universal Life Ins. Co.* v. *Whitehead,* 58 Miss. 226, 38 Am. Rep. 322; *Attorney-General* v. *Continental Life Ins. Co.,* 93 N. Y. 70; *Coffey* v. *Universal Life Ins. Co.,* 7 Fed. 301; *Sheerer* v. *Manhattan Life Ins. Co.,* 20 Fed. 886.

In the following cited cases a different rule was declared: *Chase* v. *Phoenix Life Ins. Co.,* 67 Me. 85; *Montgomery* v. *Phoenix Life Ins. Co.,* 77 Ky. 51; *Mutual Life Ins. Co.* v. *Jarboe,* 102 Ky. 80, 42 S. W. 1097, 39 L. R. A. 504, 80 Am. St. 343; *Manhattan Life Ins. Co.* v. *Patterson* (Ky.), 60 S. W. 383, 53 L. R. A. 378. The decisions cannot be harmonized and the better reason is believed to be as above stated.

We do not decide that facts may not exist excusing the surrender of the policy within the time limited; the reverse is true. *Coffey* v. *Universal Life Ins. Co., supra.* But we hold that negligence and inattention are not a sufficient excuse for such failure. The demurrers were therefore correctly sustained.

Judgment affirmed.

## On Petition for Rehearing.

RoBY, J.—Appellant's petition for a rehearing has received the consideration always invited by sincere and courteous argument. The principles enunciated by the authorities heretofore cited are still regarded as applicable to and controlling in this case.

The complaint contains an averment as follows: "The plaintiff informed the defendant that said payment of said instalments on the policy, in advance, was made both for the purpose of securing insurance for the term of three years from said date, for the sum of $2,000, and thereafter of securing paid-up insurance for the sum of $300. That the main consideration for taking said policy of insurance with the defendant company, and for the payment in advance of said three instalments, was the agreement on the part of the defendant to issue said paid-up policy on demand." The averment is not equivalent to an averment of surrender. There is an essential difference between an expressed intention to do a certain thing and doing it. *Joyce* v. *Hamilton,* 111 Ind. 163, 165. To "surrender" means to cancel or yield up. The appellant did not cancel or yield up the policy or his right to continue it in force for the full amount of $2,-000. Had he offered to pay the fourth premium before the policy had expired, there could be no doubt but that appellee would have been required to accept the payment and continue the insurance, notwithstanding that it had been informed, when the first payment was made, that appellant did not intend, then, to pay the fourth premium, but did

then intend to surrender the policy at the end of the term paid for. The appellant had an option to surrender the policy and receive the paid-up policy, or not to do so. If he chose to comply with the conditions of the contract appellee was without power to refuse to accept the surrender. *Crown Point Iron Co.* v. *Aetna Ins. Co.,* 127 N. Y. 608.

The averment does not show a surrender within the meaning of the provision of the contract, and it does not show a surrender by agreement, there being no acceptance averred, even if the statement was construed as a proposition.

The petition is overruled.