## William H. Keyser et al. v. The Mutual Life Ins. Co. of New York.

1. INSURANCE—*Evidence Insufficient for Recovery.*—A policy of insurance contained the following provisions : After three full annual premiums have been paid upon this policy the company will, upon the legal surrender thereof, before default in payment of any premium, or within six months thereafter, issue a non-participating policy for paid-up insurance, payable as herein provided, for the proportion of the amount of this policy which the number of full premiums paid bears to the total number required. *Held,* that in order to entitle plaintiff to recover damages for a breach of contract, it must appear that there has been a breach by the company, and performance or readiness to perform on the part of plaintiff; and this is not shown by evidence that the plaintiff told the representative of the company that he thought he was entitled to something for the premiums he had paid, and what he was entitled to he would like to have, and immediately afterward left the office without waiting for a reply.

Keyser v. Mutual Life Ins. Co. of New York.

**Assumpsit,** upon a contract of insurance.  Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed.  Opinion filed October 24, 1902.  Rehearing denied November 11, 1902.

FREDERICK A. BROWN, attorney for appellants; JAMES S. WIGHT, of counsel.

WINSTON & MEAGHER and EDWARD LYMAN SHORT, attorneys for appellee; SILAS H. STRAWN, of counsel.   .

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an action to recover damages for an alleged noncompliance by the appellee with a provision of a policy for insurance issued on the life of William H. Keyser, one of the appellants.   At the conclusion of the appellants' testimony, the court directed a verdict for the defendant, and judgment was rendered accordingly, from which this appeal is prosecuted.

The policy in question was issued November 26, 1892, for the sum of $5,000, payable upon the death of W. H. Keyser to his wife, Anna M. Keyser, as beneficiary, or to the husband himself, November 22, 1922, if then living.   By the terms of the policy appellant Keyser was to pay an annual premium in advance of $196.50.   Premiums were paid for the years 1892–3 and 4, respectively, and the policy remained in full force and effect until the 26th of November, 1895.   Default was made in the payment of the premium due at that time, but in December or January following Mr. Keyser called at the company's office in Chicago, with the intention of paying that premium, then past due.   He had passed a satisfactory medical examination by appellee's physician and offered to pay the exact amount of the premium, apparently supposing that no more would be required.   The representative of the company with whom he talked, a Mr. Ferguson, was willing to accept the premium, but demanded an additional payment, the whole amounting to about $210.   This Mr. Keyser declined to

pay, and he testifies that the agent, Ferguson, told him that he ought to have kept up his premiums; that the policy was " worthless; " that it wasn't of any value; or words to that effect. Keyser replied that he thought he was entitled to something for the premiums he had paid, and what he was entitled to he would like to have, and left the office.

The policy contained the following provision : " After three full annual premiums have been paid upon this policy, the company will, upon the legal surrender thereof, before default in payment of any premium, or within six months thereafter, issue a non-participating policy for paid-up insurance, payable as herein provided, for the proportion of ·the amount of this policy which the number of full premiums paid bears to the total number required."

·It is admitted by appellant Keyser that he did not tender the policy to the company, although he claims that what was said on his part amounted to an offer to surrender it. It is apparent, however, that there was no legal surrender at the time of the conversation relied upon, nor was there any actual demand for a policy of paid-up insurance, although it is contended that what was said was equivalent to such a demand. Undoubtedly appellant was entitled, upon a legal surrender of his policy to the company at any time within six months after his default in payment of the annual premium, to a policy of paid-up insurance in accordance with the terms of the provision above referred to. It is conceded that on compliance with the requirements, he would have been entitled to such a policy for five hundred dollars.

This is not a bill in equity for the specific performance of the provisions of the contract. It may be that in such a proceeding appellant would be found entitled to a paid-up policy. He says that he told the representative of the company that he thought he was entitled to something for the premiums he had paid " and what I was entitled to I would like to have." What he was entitled to was a paid-up policy, if he substantially complied with the conditions of the provision of the contract referred to, but not other-

wise; and it would doubtless have been entirely proper for the company's agent, with whom he had the conversation, to inform him what the methods of procedure were, if attention was directed to the subject. But the present action is brought to recover damages for an alleged breach of contract by the conduct of appellee. In order to entitle appellant to recover, it must appear that there has been a breach by the company, and performance, or readiness to perform, on the part of appellants. Appellant Keyser himself, did not, at the time of the conversation referred to, seem to know just what he did want. He made no express demand for a policy of paid-up insurance. There was no refusal to issue one. It is not shown that the agent, Ferguson, with whom he had the conversation in question, at the office of the insurance company, was familiar with the terms and conditions of the contract in question. The probability seems to be that neither party knew at the time, what, if anything, appellant was entitled to under the policy. The policy itself was not presented by appellant for examination by the company's representative. It might, perhaps, be considered to have been equitably the duty of the agent to call for the policy when appellant asked for whatever he was entitled to thereunder. But there was no contract obligation to do so. What was said by the agent was not equivalent to a refusal for the company to comply with the contract and does not indicate any such intention. Appellant himself did not ask for a paid-up policy and did not comply nor offer to comply with the conditions required of him. He neither surrendered nor offered to surrender his policy. According to appellant's evidence he left the office of appellee immediately after stating that he wanted what he was entitled to, without waiting for a reply. It may be that had he exercised more patience, and shown a disposition to ascertain from the agent just what his rights were under the policy upon which he was in default, a definite understanding, at least, would have been reached. But it should require some positive evidence of refusal to issue the paid-up policy or neglect to do so by the com-

pany's agent, or conduct amounting to such refusal or neglect, to enable a suit for damages for such alleged breach to be maintained.

We do not agree with appellee's counsel that the authority of the agent, under the circumstances, is not sufficiently shown to make out a *prima facie* case in that respect. It appears that he was employed in the office of the company and that he demanded of appellant an additional sum, over and above the regular premium. He acted as the agent of the company and the circumstances were such as justified appellant in regarding him as such agent. He was filling the place and performing the duties of the company's representative in the company's office, in such a manner that from all appearances the appellee ought to have known, and must be presumed to have known, that he was so acting, in the absence of any evidence to the contrary.

We find no error in the judgment of the Superior Court and it must be affirmed.