## UNION CENTRAL LIFE INSURANCE COMPANY *v.* LOUGHMILLER.

[No. 4,523. Filed December 18, 1903. Rehearing denied March 11, 1904. Transfer denied June 7, 1904.]

TRIAL.—*Right to Open and Close.*—*Insurance.*—Where the complaint in an action on a life insurance policy counted upon a condition in the policy continuing the policy in force for a definite time notwithstanding

nonpayment of the regular premium, the plaintiff thereby assumed the burden of proof, and was entitled to open and close. *pp. 312–314.*

NEW TRIAL.— *Newly Discovered Evidence.— Cumulative Evidence.*— Where in an action involving the payment of a note plaintiff's witnesses testified that payment thereof was made at a certain time and place, and defendant's witnesses testified that no such payment was made at any time or place, newly discovered evidence that the place did not exist at the alleged time of payment is not cumulative in the sense that prevents a new trial on account of its discovery. *pp. 314–316.*

SAME.— *Newly Discovered Evidence.—Diligence.*—In an action on an insurance policy the defendant claimed that a premium note was unpaid. A witness introduced by plaintiff testified to making payment thereof at a certain time and place. The witness was asked on cross-examination if it was not a fact that the building in which he claimed to have made the payment was at such time partially torn down and unoccupied. Defendant afterwards filed a motion for a new trial on account of newly discovered evidence to the effect that the building was unoccupied at the time of the alleged payment. *Held,* that diligence was not shown sufficient to warrant the granting of a new trial. *p. 316.*

From Floyd Circuit Court; *E. G. Henry,* Judge *pro tem.*

Action by Emma B. Loughmiller against the Union Central Life Insurance Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*C. E. Barrett, F. E. Barrett, C. L. Jewett, H. E. Jewett* and *Maxwell & Ramsey,* for appellant.

*H. M. Dowling, C. D. Kelso, E. B. Stotsenburg* and *J. H. Weathers,* for appellee.

ROBY, J.—On January 20, 1893, the appellant insurance company issued a policy upon the life of Thomas R. Loughmiller for $1,000, upon the twenty-payment life plan, in consideration of the payment of the annual premium of $34.22 during said twenty years; appellee, wife of the insured, being named as beneficiary therein. The policy contained provisions as follows:

"In consideration of the statements made in the application for this policy, which application is hereby made a part of this contract, and of the annual payment of the sum of $34.22, at the home office of the company, on or before the

15th day of January at noon in every year during the term of twenty years from date hereof and of the payment when due of any and all notes given for premiums or parts of same. * * * After three years' premiums shall have been paid, except in case of failure to pay at maturity a note given for premium, the company will, upon legal surrender of this contract while in force, issue a paid-up, nonparticipating life policy for the amount named in table A on the following page; and if not surrendered, in such case, then this policy shall, without surrender, become a paid-up, term policy, without change of conditions and agreements, except as to the payment of premiums, and continue in force for such time as named in table C on the following page, at the end of which time their contract shall cease. In case the insured dies while the said term policy is in force the amount of foreborne premiums, with annual interest at six per cent., shall be deducted from the sum insured. * * * Conditions and Agreements: * * * Second. The failure to pay any of the first three annual premiums or notes, or interest upon notes given to the company for any of said premiums, on or before the days upon which they become due, at the office of the company in the city of Cincinnati or to the authorized agent on producing a receipt therefor signed by the president, vice-president, or secretary (and in case of the payment of a note upon the surrender of said note), shall avoid and nullify this policy, without action on the part of the company, or notice to the insured or beneficiary, and all payments made upon said policy shall be deemed earned as premium during its currency. Third. Any and all notes which may be given for premiums on this policy, with their conditions, are hereby made a part of this contract of insurance."

The first and second premiums were paid when due. When the third premium became due the assured executed his note therefor, payable nine months after date, which was accepted by appellant. When this note became due he

paid $14.22, and gave a new note for $20, due three months after date. The last of said notes was of the following tenor: "$20. New Albany, Indiana, October 15, 1895. Interest .40. Three months after date, for value received, I promise to pay to the order of the Union Central Life Insurance Company at Second National Bank at New Albany, Indiana, the sum of $20, with interest at eight per cent. per annum, payable annually (being the premium on policy No. 101,950 in said company bearing date January 15, 1893), and with attorney's fees. If this note or any instalment of interest be not paid at maturity, said policy, with all conditions therein for the surrender or continuance as a paid-up term policy, shall, without notice to any interested party, be null and void, and said premium and accrued interest shall, without rebate or discount, and without reviving said policy, or any of its provisions, be collectible without relief from valuation or appraisement laws. Thos. R. Loughmiller." The fourth and subsequent premiums were not paid, and appellee's complaint proceeds upon the theory that the provision relative to the extension of the policy, after the third payment of premium, without surrender, operated to continue the same in force for five years and seven months as stipulated by table C, within which time the assured departed life. She avers in the complaint "that said Thomas Loughmiller paid upon the policy the first three premiums." Appellant, answering, set up the execution and terms of the last note, and averred that it was not paid when due, and has never been paid, by reason of which said policy became null and void. The appellee replied in general denial and by plea of payment.

The appellant filed no denial to the complaint, and claimed that it had the burden of the issue, and the resulting right to open and close both the evidence and the argument. The court held otherwise. The correctness of its holding is the first question for decision.

That the nonpayment of the second note at maturity

avoids the policy is established by *Forbes* v. *Union Cent. Life Ins. Co.*, 151 Ind. 89, the provisions of the policy before the court in that case being substantially identical with the one sued upon.

In suit on an insurance policy it is ordinarily sufficient to aver the issuance of the policy and the death of the assured. Nonpayment of premium or other default relied upon being matter of defense. *Supreme Lodge* v. *Johnson*, 78 Ind. 110; *Phœnix Ins. Co.* v. *Stark*, 120 Ind. 444. Appellee, however, counted upon a condition of the policy continuing the insurance in force for a definite period, notwithstanding nonpayment of the regular premium. In order to bring herself within the terms of the condition and contract, she has averred that the first three premiums were paid. The contact, by its own clear stipulation, becomes a paid-up term policy for the time stipulated in table C after, and only after, the payment of three years' premiums, and of all notes given therefor. The payment of the first three premiums, or an agreement for credit, is therefore a condition precedent to the policy becoming a paid-up term policy. 19 Am. & Eng. Ency. Law (2d ed.), 81; *Kinne* v. *Michigan, etc., Ins. Co.*, 92 Wis. 335, 66 N. W. 359; *Moses* v. *Brooklyn Life Ins. Co.*, 50 Ga. 196; *Wells* v. *Vermont Life Ins. Co.*, 28 Ind. App. 620; *Meyer* v. *Manhattan Life Ins. Co.*, 144 Ind. 439.

It appears that it was not the intention that the notes given should be considered payment of the premium, changing the policy to a paid-up term policy without regard to their payment. *Pitt* v. *Berkshire Life Ins. Co.*, 100 Mass. 500; *Curtis* v. *Hubbard*, 9 Met. (Mass.) 322. If the transaction were shown to have amounted to a loan, to evidence which notes were given, the rule would be different. *Northwestern, etc., Ins. Co.* v. *Little*, 56 Ind. 504; *Insurance Co.* v. *Dutcher*, 95 U. S. 269, 24 L. Ed. 410; *Franklin Life Ins. Co.* v. *Wallace*, 93 Ind. 7, 17; *Kline* v. *National Benefit Assn.*, 111 Ind. 462, 60 Am. Rep. 703. Ap-

pellee's right was dependent upon proof that the condition had been performed. She assumed the burden of making such proof, and was therefore entitled to open and close the case. §§542, 545 Burns 1901.

A further reason for a new trial is on account of newly discovered evidence. Affidavits accompanying the motion set out the evidence. It is to the effect that a building in Indianapolis, formerly known as the "Vance Block," was undergoing repairs and being remodeled, and that on July 1, 1894, John S. Lambert, appellant's agent, had vacated his office in said building, and did not return to it until November 1, 1897; that on January 11, 1896, said Lambert was at Liberty, Indiana, where he resided, and not in Indianapolis at all; that he purchased a draft at the bank in Liberty on that day, wrote a letter from said town, and received a letter from his clerk at Indianapolis; that his office was at that time in room 260 of the Denison Hotel. The affidavits as to such facts are made by disinterested persons, and appear conclusive as to their existence.

The controversy at the trial was narrowed down to the single question of whether the $20 note last given had been paid. Appellee produced a witness who testified that he received the money from Loughmiller, carried it to Indianapolis, and paid it to Lambert, to whom said note had been indorsed for collection; that Lambert told him the note was at Liberty, and that he would mail it to him. No receipt was given, and the note was not surrendered. Lambert, as a witness, denied that payment had been made to him by anyone. Appellee's witness testified that payment was made at Lambert's office in the Vance Block on January 11, 1896. The relevancy of the newly discovered evidence is apparent. Two objections are made to a new trial being granted on account of it: (1) That it is cumulative; (2) that diligence is not shown. "Cumulative evidence is evidence of the same kind, to the same point. Thus, if a fact is attempted to be proved by the verbal

admission of the party, evidence of another verbal admission of the same fact is cumulative." 1 Greenleaf, Ev. (16th ed.), §2. *Hines* v. *Driver,* 100 Ind. 315, 327.

The witness McCay testified to making payment of the note to Lambert at the time and place stated. Lambert testified that no such payment was made at any time or place. The evidence exhibited by the affidavits tended to the same conclusion as did the testimony of Lambert, but it is not of the same class. It tends to prove the same fact as did evidence introduced, but no evidence was introduced tending to show that payment could not have been so made by reason of the nonexistence of the place at which it was said to have been made. The offered evidence is not, therefore, regarded as cumulative in the sense that prevents a new trial on account of its discovery. It tends to prove the same facts, but in a materially different way. *Hines* v. *Driver, supra; Rains* v. *Ballow,* 54 Ind. 79; *Humphreys* v. *Klick,* 49 Ind. 189; *Humphries* v. *Marshall,* 12 Ind. 609; *Kochel* v. *Bartlett,* 88 Ind. 237; *Cooper* v. *Ellis,* 3 Ind. App. 142; *Blackburn* v. *Crowder,* 110 Ind. 127.

The witness Lambert was the general agent of the appellant company in Indiana. Notice to him was notice to appellant. He was a witness and failed to testify relative to the whereabouts of his office or himself on the day named. The excuse given therefor is that he was taken by surprise by the testimony of McCay, and was not prepared to testify other than that he had not been paid the amount of said note; that after returning home he consulted his papers and memorandum, with the result stated.

Appellee's attorneys declined to advise appellant's attorneys prior to the trial as to the details of the payment claimed, other than that it had been made to a duly authorized agent of the company. Thereafter interrogatories were submitted to appellee, the answers to which disclosed the plaintiff's claim to be that said note was paid on or about January 11, 1896, at Indianapolis, Indiana; that

McCay and Lambert were present, and that the payment was made to the latter.   On cross-examination McCay was asked the following questions: "In 1896, in January, don't you know that the Vance Block was almost torn down; there was nobody occupying it, the tenants were all out of the building?   A.   I don't know about that.   They were putting four or five floors upon it.   A.   In 1896 I paid it in Mr. Lambert's office, wherever it was.   I paid it to Mr. Lambert in person.   You said you paid it in the Vance Block?   A.   That was my impression, because I used to go to his office in the Vance Block.   Did you pay it in the Denison House?   A.   No, sir.   Are you certain of that?   A.   Yes, sir.   If Mr. Lambert's office was in the Denison House, No. 282, in 1896, then you did not pay it to Mr. Lambert?   A.   I don't say that.   I paid it to Mr. Lambert in cash.   I·paid it to him in person, in what he claimed to be his office."   In view of these facts we are constrained to hold that due diligence has not been shown, and that for such reason there was no error in overruling the motion on account of the newly discovered evidence. This leads to an affirmance of the judgment.   There is evidence supporting the verdict, evidently credited by the jury.

Judgment affirmed.