HATCHER *v.* EQUITABLE LIFE ASSURANCE SOCIETY.

1. Where a life-insurance policy, issued in the year 1884, stipulated that the insurance should become forfeited upon failure to pay an annual premium when due, but also provided that after three payments had been made the insured might, within six months after default, surrender the policy and receive a paid-up policy for an amount to be fixed according to data provided for in the policy; and where the insured defaulted in the payment of the annual premium due in the year 1893, and did not surrender or offer to surrender the policy according to the terms of the provision referred to above, the beneficiaries would not be entitled to recover upon the policy after the death of the insured, which took place in 1907, although, as appears from the allegations in the petition, at the time of the lapse of the policy it had been lost or stolen,—no effort having been made, in the long interval between the date of the lapse of the policy and the death of the insured, to have another policy issued to the insured or a copy of the policy established which he might surrender up for cancellation in accordance with the provisions relative to surrender and cancellation.
2. Under the ruling made in the foregoing headnote, the court did not err in sustaining a general demurrer to the plaintiffs' petition.

JUNE 23, 1910.

Equitable petition.    Before Judge Ellis.    Fulton superior court. August 28, 1909.

Mrs. Hammie F. Hatcher the surviving wife of Marshall J. Hatcher, deceased, and M. Felton Hatcher and Mrs. M. F. H. Clarke, who are his only surviving children, brought suit as individuals and as the executors of his will against the Equitable Life Assurance Society, to recover upon a policy of insurance issued by the defendant upon the life of the deceased, in which the plaintiffs were named as beneficiaries.    They alleged that the insured had paid each annual premium due from the time the policy was issued up to November 15, 1893, but that he failed to pay the annual premium due on the last-named date.    The policy, a copy of which was attached to the petition, contained, in addition to the forfeiture clause stated in the headnote, the following:  "And further, that if premiums upon this policy for not less than three complete years of assurance shall have been duly received by

said Society, and this policy should thereafter become void in consequence of default in payment of a subsequent premium, said Society will issue, in lieu of such policy, a new paid-up policy, without participation in profits, in favor of said beneficiaries as aforesaid, his executors, administrators, or assigns, for the entire amount which the full reserve of this policy, according to the present legal standard of the State of New York, will then purchase as a single premium, calculated by the regular table for single-premium policies now published and in use by the Society; provided, however, that this policy shall be surrendered duly receipted within six months of date of default in payment of premium as mentioned above."

The application for the insurance, which by the terms of the policy was made a part thereof, contained the following question and answer: "If a tontine savings-fund policy be not selected, is it agreed, in consideration of the agreements contained in the policy hereby applied for, that any allowance for the reserve value which may be due or made in the case of the lapse of policy proposed shall be applied to the purchase of paid-up assurance, payable at the same time as the original policy, and not to the purchase of temporary assurance; and all right or claim to any other surrender value than that provided in the policy shall be specifically waived and relinquished, whether required by the statute of any State or not? Yes."

The assured died in April, 1907. The plaintiffs alleged, that in December, 1907, the defendant company having denied liability under the policy on account of its having lapsed, they wrote the company claiming that they were entitled to the paid-up policy called for by the contract above described, and demanding blanks for the proof of death; that the original policy was lost or stolen at the time of the default in the payment of premium in 1893, without any fault of the decedent, who used due diligence to find it but failed; and that the policy or any interest therein had never been assigned to any person. The plaintiffs sued to recover the amount of paid-up insurance which the full reserve on the policy at the time of its lapse would purchase as a single premium, calculated by the regular table for single-premium policies, which was alleged to be a stated sum; and prayed that the defendant be required to issue said paid-up policy for the amount named, and that

plaintiffs have judgment thereon. The court sustained a general demurrer to the petition, and the plaintiffs excepted.

*Reuben R. Arnold,* for plaintiffs.

*James H. Gilbert* and *A. A. & E. L. Meyer,* for defendant.

Beck, J. (After stating the foregoing facts.) No elaboration of the doctrine announced in the headnotes is necessary. Questions identical with that decided, or very similar thereto, have been passed upon and elaborately discussed by the courts of last resort in many of the States, and the line of authority supporting the proposition announced is almost unbroken. See Equitable Life Assurance Society *v.* Evans, 25 Texas, 563; Wells *v.* Vt. Life Ins. Co., 28 Ind. App. 620 (62 N. E. 501, 63 N. E. 578); Grevenig *v.* Washington Life Ins. Co., 112 La. 879 (36 So. 790); Keyser v. Mutual Life Ins. Co., 104 Ill. App. 72; Coffey *v.* Universal Life Ins. Co., 7 Fed. 301; Hudson *v.* Knickerbocker Life Ins. Co., 28 N. J. Eq. 167; Universal Life Ins. Co. *v.* Whitehead, 58 Miss. 226 (38 Am. R. 322). *Judgment reversed. All the Justices concur.*