DOWNEY *v.* DAY.

Where the evidence is not set out in the record, and the instructions were correct if a state of proof existed to which they were applicable, they will be presumed to have been pertinent.

Trespass for an assault and battery. Plea, *son assault demesne.* Replication, *de injuria.* Held, that the defendant had the right to open and close the evidence and argument to the jury.

ERROR to the *Randolph* Circuit Court.

ROACHE, J.—*Day* brought an action of trespass for an assault and battery against *Downey.* Plea, *son assault demesne.* Replication, *de injuria,* &c. Issue joined, trial, verdict and judgment for the plaintiff below.

The plaintiff in error complains of the giving of certain instructions to the jury at the request of the plaintiff. The evidence is not set out. The instructions were all correct, if a state of proof existed to which they were applicable. In the absence of the testimony, we must presume they were pertinent.

On the trial, the defendant below claimed the right to begin and close the evidence and argument to the jury. Over his objection, the Court permitted the plaintiff to open and close. The defendant excepted. This was erroneous. The state of the issue threw the affirmative on the defendant, and entitled him to the beginning and conclusion. 2 Stark. Ev. 826.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. Kilgore,* for the plaintiff.

*W. A. Peelle* and *T. J. Sample,* for the defendant.