### NEW YORK LIFE INSURANCE COMPANY v. SKINNER.

[No. 27,002. Filed April 28, 1938. Rehearing denied July 7, 1938.]

*Gavin & Gavin, Louis H. Cook,* and *H. C. Meloy,* for appellant.

*Thomas H. Branaman,* for appellee.

SHAKE, J.—This is an action on a policy of insurance issued by the appellant on the life of Gordon J. Tanner. The appellee is the named beneficiary. The complaint was in a single paragraph and contained the usual allegations. It was not tested by demurrer. Appellant answered in two paragraphs, the first being in general denial, but this was withdrawn by leave of court before trial; the second paragraph of answer alleged that the insured made certain false representations in the application upon which the policy was issued, on account of which the policy had been rescinded by the appellant. The appellee filed a reply in two paragraphs to the second paragraph of answer, the first being a general denial, and the second an affirmative reply to the effect that the answers made by the assured in the application were true, but if they were false the insurance company had full knowledge of their falsity when the policy was issued.

Appellant also filed a cross-complaint setting up the said false representations in the application, and asking for the surrender and cancellation of the policy, and that appellee be enjoined from asserting any claims thereon. Appellee's answer to the cross-complaint was the same, in substance, as her reply to the affirmative answer.

The cause was submitted to a jury, which found for the appellee. On request of the appellant, the court made special findings of fact and stated its conclusions of law on the issues joined on the cross-complaint. The court's special findings and conclusions of law were favorable to the appellee. Appellant filed separate motions for a

new trial as to the general verdict of the jury, and to the special findings by the court, both of which were denied.

We are not unmindful that it is highly desirable, insofar as practicable, for this court in its opinions to pass separately upon each alleged error properly saved and presented. However, if our opinions are to serve as practical expositions of ruling precedents for the guidance of courts and the profession in the orderly administration of justice, it sometimes becomes necessary to group several assignments together and to consider them jointly as a single proposition. This record presents seventy-five separate assignments of error. Of this number fifteen are fully presented and discussed in the appellant's brief. These may be summarized as follows: (1) The court erred in submitting any of the issues to a jury; (2) the court erred in denying appellant the opening and close on the trial; (3) the court erred in refusing instructions 3, 4, 5, 7, 9, and 12, tendered by the appellant; (4) the court erred in giving instructions 7, 8, and 15 on its own motion; (5) the verdict of the jury and the finding of the court are each contrary to law and not sustained by sufficient evidence.

As has already been noted, appellant withdrew its answer in general denial before trial, which left the issues stand, so far as the complaint was concerned, on the complaint and the second paragraph of answer and the reply thereto in two paragraphs. Under this state of the record appellant contends that it was error to submit the issues to a jury over its objections and that like error was committed in denying a trial by the court on the issues formed under the cross-complaint. Appellant calls attention to §2-1015 Burns' Ann. St. 1933, §119 Baldwin's 1934, which provides: "The defendant may set forth in his answer as many grounds of defense, counter-claim and set-off, whether legal or equitable, as he shall have," and to §2-1204 Burns 1933, §186 Bald-

win's 1934, which says: "In case of the joinder of causes of action or defenses which, prior to (June 18, 1852), were of exclusive equitable jurisdiction with causes of action or defenses which, prior to said date, were designated as actions at law and triable by jury—the former shall be triable by the court, and the latter by a jury, unless waived." Appellant says that all the issues being purely equitable, none of them should have been submitted to a jury over its objections.

Assuming that the issues tendered by appellant's cross-complaint presented a case of equitable cognizance, it does not follow that the same substantial facts when pleaded by way of answer, deprived appellee of the right of trial by jury on that issue. This court has recently committed itself to the rule that an answer of misrepresentation in the application for a policy of insurance presents a question of fact properly triable by jury in an action on the policy. *New York Life Insurance Co.* v. *Kuhlenschmidt* (1937), 213 Ind. 212, 11 N. E. (2d) 673.

Nor do we attach any special significance to the averment in the cross-complaint that "plaintiff threatens, intends to and will dismiss its action herein and will subsequently thereto file a new complaint on said policy against this defendant for the purpose of cutting off and preventing this defendant from setting up its defense to said policy or contesting its validity and force upon the ground that the contestable period will then have elapsed under the terms of the policy. . . ." The policy was issued on December 4, 1926. The complaint and answer were filed within the two year contestable period. Appellee did not dismiss or attempt to dismiss her cause of action after expiration of the contestable period, but carried the action through to final judgment. Nothing is shown that required or justified the intervention of a court of equity. The legal

remedy available and utilized was full, adequate and complete. *New York Life Insurance Co.* v. *Adams* (1931), 202 Ind. 493, 176 N. E. 146, is authority for the rule that it may constitute error to strike out a cross-complaint in equity for the cancellation of a policy of insurance, but that case does not require us to hold that reversible error was committed by the trial court in submitting the instant case to the jury. We think that the true rule applicable here is clearly stated by Chief Justice Hughes, of the Supreme Court of the United States, in the case of *Enelow* v. *New York Life Insurance Co.* (1935), 293 U. S. 379, 384, 55 S. Ct. 310, 79 L. Ed. 440, as follows: "The instant case is not one in which there is resort to equity for cancellation of the policy during the life of the insured and no opportunity exists to contest liability at law. Nor is it a case where, although death may have occurred, action has not been brought to recover upon the policy, and equitable relief is sought to protect the insurer against loss of its defense by the expiration of the period after which the policy by its terms is to become incontestable. Here, on the death of the insured, an action at law was brought on the policy, and the defendant had opportunity in that action at law, and before the policy by its terms became incontestable, to contest its liability and accordingly filed its affidavit of defense. That defense was solely that the defendant had been induced to issue the policy by false answers in the application which were alleged to have been made by the applicant 'with knowledge of their falsity and fraudulently' in order to obtain the insurance. The affidavit of defense showed nothing whatever as a further ground for equitable relief and the respondent is necessarily confined to the case it made. In such a case, the defense of fraud is completely available in the action at law and a bill in equity would not lie to stay proceedings in that action in order to have the defense heard and

determined in equity." The record presents no reversible error growing out of the fact that the court submitted the issues to a jury.

It is claimed by appellant that since the general denial to the complaint was withdrawn before trial, it was entitled to the open and close, by virtue of §2-2008 Burns 1933, §341 Baldwin's Ind. St. 1934. The right to open and close may be advantageous to a litigant in three respects: (a) It permits him to make the first opening statement; (b) it allows him to first offer his evidence in chief; and (c) it authorizes him to have the first and last arguments. These rights are sometimes highly desirable in the trial of a case, and a denial thereof may constitute reversible error. *Downey* v. *Day* (1853), 4 Ind. 531; *Kinney* v. *Dodge* (1885), 101 Ind. 573; *Union Central Life Insurance Co.* v. *Loughmiller* (1903), 33 Ind. App. 309, 69 N. E. 264.

The record before us discloses that appellee offered her evidence in chief first, but this consisted of nothing more than the identification of the parties and the introduction of the policy sued upon. These facts had already been admitted by appellant's answer, and we are unable to perceive wherein any advantage was gained by appellee over appellant in this regard. The record does not disclose which party first made its opening statement or which had the closing argument to the jury. In the consideration of this case we have relaxed the rule that this court will not search the record to discover causes to reverse and have carefully examined it to ascertain, if we could, what occurred. There is no showing by special bills of exception, or otherwise, which party had the closing argument. We can not assume that appellant was harmed by the court's ruling on its motion to have the opening and close, made before the trial was entered upon. The proper method to present a question of this character is set out

in the case of *Salt Springs National Bank* v. *Schlosser* (1930), 91 Ind. App. 295, 297, 171 N. E. 202. We quote: "Appellee, before the day of trial, dismissed his answer in general denial. Before the jury was sworn, appellee presented in writing his motion, which was to the effect that by the allegations of his four paragraphs of amended answer, he had admitted the execution of the notes protest and protest fees in the sum of $6.78; that the notes were past due and unpaid, and that a reasonable attorney's fee for the collection of the notes was $200; that appellee was therefore entitled to the open and close in the trial of the cause before the jury. The motion was granted by the court, over the objection of appellant, which reserved an exception. Appellee was thereupon, as recited in the special bill of exceptions, 'permitted by the court to present his evidence first to the jury before allowing the plaintiff (appellant) to offer his evidence, and said court allowed said defendant to argue and address the jury prior to plaintiff's argument to the jury and allowed the defendant to close the evidence and also to close the argument to the jury, to which action of the court the plaintiff at the time objected and excepted.' "

Appellant's instructions 3, 4, 5, 7, 9, and 12, tendered and refused, are all open to the same objections. Each of them undertook to advise the jury that if they found that certain representations made by the insured in his application were untrue, then such representations were "material to the risk." These instructions were improper as invading the province of the jury. It was for the jury to say whether, under all the circumstances, the representations were of such a character as to materially affect the risk assumed by the appellant when it issued the policy of insurance sued on. There was no error in refusing these instructions.

The court's instructions 7 and 8 were withdrawn

from the consideration of the jury, and instructions 20 and 21 given in lieu thereof. There can therefore be no available error with respect to instructions 7 and 8. By the court's instruction 15 the jury was told, among other things, that "if you find from a fair preponderance of all the evidence in the case, that the questions and answers (contained in the application for insurance), or either of them, did not pertain to a matter material to the risk of the insurance policy issued then such questions and answers would not be sufficient to avoid the policy herein sued upon." We think this was proper and correctly advised the jury of its responsibilities in this regard.

It is also urged that the evidence is insufficient to sustain the verdict of the jury and the court's special findings of fact. The application upon which the policy of insurance sued on was issued, bore date of November 15, 1926, and contained the following questions and answers: "Q. Have you ever had heart trouble? A. No. Q. Within the past three years have you been ill, or in hospital, or have you consulted a physician? A. No. Q. Have you ever been found to have a high blood pressure? A. No." These are the answers that are alleged to have been false in the answer to the complaint and in the cross-complaint. Dr. Matlock, who made the proof of death, stated therein that the death of the decedent was due to myocarditis of two years' duration. He further testified at the trial that he had treated the insured in July and October 25, 1925, twice in February, 1926, and on December 18, 1927. He said that the insured complained of shortness of breath and weakness in February, 1926, but he did not recall whether there was any complaint of pain around the heart at that time. Dr. Wright treated the insured at his home for a minor disturbance in 1927, and had treated him previously when his blood pressure was 160, and he had some heart

symptoms. The doctor was not certain whether these treatments were given within a period of three years prior to the date of the application. Dr. Martin, who made the examination upon which the policy was issued, found no evidence of heart disease or high blood pressure, and was of the opinion that the insured did not have heart trouble in 1925 or 1926, sufficient to require treatment by a physician. He stated that he would have discovered evidences of heart trouble if the decedent had been so afflicted.

There was evidence from lay witnesses that the insured appeared healthy, worked steadily, and made no complaints of physical ailments during the entire period inquired about. There was no evidence that he ever had any knowledge of the fact that he had any disease of the heart or high blood pressure, or that any physician had ever advised him that he was suffering from any such conditions.

In *Brunnemer* v. *Metropolitan Life Insurance Co.* (1938), 213 Ind. 650, 14 N. E. (2d) 97, it was decided by this court at the present term that whether a false answer in an application for life insurance suppresses facts or misleads the insurer is usually a question of fact to be left to the jury under proper instructions of the court. The evidence as to the alleged falsity of the answers with which we are here concerned was conflicting. Reasonable minds might also differ as to whether the answers made in the application, assuming them to be false, were material to the risk. It is not the province of this court to substitute its opinion as to the weight of the evidence for the conclusions reached by the trial court and jury. There is no such lack of proof or such undisputed facts in the record as would justify us in holding that the verdict or the special findings of fact are not sustained by the evidence.

We find no reversible error in the record, and the judgment is therefore affirmed.