**Richard GUESS, Appellant (Defendant Below),**

v.

**Lawrence WEISS, Appellee (Plaintiff Below).**

**No. 4–885A231.**

Court of Appeals of Indiana, Fourth District.

June 9, 1986.

Harry A. Psimos and Mark A. Psimos, Merrillville, for appellant (defendant below).

Barry D. Rooth, Herbert S. Lasser & Associates, P.C., Merrillville, for appellee (plaintiff below).

CONOVER, Judge.

Richard Guess (Guess), defendant below, appeals a breach of contract judgment and award of damages and attorney fees.

We reverse.

ISSUES

Guess asserts six issues for review. Because we reverse we discuss only the first issue:

1. Whether jury trial was improperly denied?

1. § 20. Trial by jury inviolate in civil cases.— In all civil cases, the right of trial by jury shall remain inviolate.

2. (B) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by filing with the court and serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than ten [10] days after the first responsive pleading to the complaint, or to a counterclaim, crossclaim or other claim if one properly is pleaded; and if no responsive pleading is filed or required, within ten [10] days after the time such pleading otherwise would have been required. Such demand is sufficient if indorsed upon a pleading of a party filed within such time.

3. (A) By Jury. When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury

FACTS

Richard and Carol Guess sold a building in Gary, Indiana, to Lawrence and Marlene Weiss (Weiss). Guess financed the sale by taking back a $25,000 note and mortgage from Weiss. The building had a flat roof which Guess agreed to have repaired.

Guess had the roof repaired but it continued to leak after Weiss took possession of the building. Weiss had the roof repaired and sued Guess.

Weiss sought damages for breach of contract and fraud. He prayed for set-off from the balance owed on the note.

Guess answered and made timely demand for a jury trial. (R. 20). However, the cause was set for bench trial.

On the day set for trial, the court found Guess had waived the right to jury trial. The jury was dismissed. Guess objected to dismissal of the jury, noting his earlier jury demand. The court proceeded with a bench trial. Guess moved for findings of fact and conclusions of law which motion was granted.

DISCUSSION AND DECISION

Guess asserts the trial court erred when it denied his demand for a jury trial.

The right to trial by jury is preserved by our Indiana Constitution, Art. 1, § 20.[1] Ind. Rules of Procedure, Trial Rules 38(B)[2] and 39(A)[3] provide the means by which this right is asserted.

action. Issues upon which a jury trial is so demanded shall be tried by jury, subject to the following exceptions:

(1) If the parties or their attorneys of record, by written stipulation filed with the court or by oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury upon any or all issues triable by jury as of right and so demanded, the court shall try those issues without a jury. The stipulation shall be effective only if filed or made in court before evidence is admitted at the trial or at such later time as the court, in its discretion, may allow.

(2) If a party demands a jury trial on any issue upon which he is entitled to jury trial as of right in the case, the court shall grant it on that issue.

It is uncontested (a) Guess timely made his demand for jury trial, and (b) the issues were triable by jury as of right. The parties did not consent to trial by the court under Trial Rule 39(A)(1) nor did Guess waive the right to trial by jury under Trial Rule 38(D).[4]

Weiss contends Guess waived the right to trial by jury. He avers waiver is shown by Guess's failure to object or respond of record to (a) Weiss's filing of a "certificate of readiness" in which Weiss indicated the cause was to be heard as a bench trial; (b) the court's first order setting the cause for trial, which erroneously indicated the cause was to be heard as a bench trial; and (c) the court's order granting a continuance, which again erroneously indicated the case was to be heard as a bench trial. In addition, Guess asserts Weiss's oral motion for findings on the day of trial is inconsistent with a jury demand because Ind.Rules of Procedure, Trial Rule 52(A) applies only to bench trials. We note Guess made his motion for findings after the court overruled his objection to the denial of his jury demand.

No action or inaction by Guess waived his timely asserted constitutional right to trial by jury. Trial Rule 39(C) provides:

> In proceeding under Rules 38 and 39, error may be predicated upon the court's ruling or action *without motion or other objection by a party.* (Emphasis supplied).

That is, to preserve error Guess was not required to respond to Weiss's erroneous designation of the cause as a bench trial in the "certificate of readiness." Nor was Guess required to respond or object to the trial court's erroneous designation in its orders setting the cause for trial. See, 3 Indiana Practice, Ind. Rules of Procedure Annotated 39(C) at 191. (West, 1970).

Weiss argues *Leistikow v. Hoosier State Bank* (1979), 182 Ind. 150, 394 N.E.2d 225,

supports his contention of waiver. We disagree. First, *Leistikow* was an action in equity to which the right to trial by jury does not apply. Also, Leistikow was given 20 days to respond to a motion to strike the jury trial demand. He did not. Here, in contrast, there was no motion to strike the jury demand. No hearing was had upon the issue of jury trial. Guess objected on the record when the court denied his demand for trial by jury.

Likewise, *Front v. Lane* (1982), Ind.App., 443 N.E.2d 95 does not support waiver in this case. There, the plaintiff withdrew her jury demand. The defendant did not object at trial. Instead, defendant consented in open court to plaintiff's withdrawal of a jury demand. When defendant raised the issue on appeal the court found he had acquiesced in the bench trial. Not so here.

Guess objected to the court proceeding without a jury as previously demanded. Guess's objection to denial of his demand for jury trial was overruled. He neither agreed to nor acquiesced in submission of his case to the court without the intervention of a jury. His after-the-fact oral motion for findings does not alter his lack of consent.

The language of Trial Rule 39(A) is specific. Once a timely demand for jury trial has been made the cause *shall* be designated a jury action. The cause was not so designated here. This was error. No motion or order requiring a response was entered before trial. Guess's objection to the denial of his jury demand was asserted in timely fashion. He was entitled to jury trial, but it was denied him.

Reversed and remanded for new trial.

YOUNG, P.J., and MILLER, J., concur.

---

**4.** (D) Waiver. The failure of a party to appear at the trial, and the failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(D) constitute waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the other party or parties.