**MIDWEST FERTILIZER CO., INC., Appellant (Third-Party Plaintiff Below),**

v.

**AG–CHEM EQUIPMENT COMPANY, Appellee (Third-Party Defendant Below).**

No. 4–1285 A 360.

Court of Appeals of Indiana, Fourth District.

July 22, 1987.

Rehearing Denied Oct. 6, 1987.

Stephen Hensleigh Thomas, Rick A. Cory, Statham, McCray, Thomas & Krohn, Evansville, for appellant.

Lee J. Hoefling, Rusk, Overton & Hoefling, Washington, for appellee.

YOUNG, Judge.

Midwest Fertilizer Company appeals a trial court judgment in favor of Ag-Chem Equipment Company. Midwest contends that it was entitled to a jury trial on its indemnity claim against Ag-Chem and that the trial court therefore erred in striking the jury over Midwest's objections.

Midwest is involved in the fertilizer spreading business. In 1982, several farmers filed suit against Midwest for misapplication of fertilizer. Midwest filed a third party complaint pursuant to Ind. Rules of Procedure, Trial Rule 14 against Ag-Chem, the manufacturer of the spreader, and Highway Equipment the manufacturer of the spreader bed component, seeking in-

demnity and reimbursement for any damages it might be ordered to pay the farmers. In its third-party complaint, Midwest requested a jury trial. Midwest reached a settlement with the farmers and with Highway Equipment.

On the day Midwest's remaining claim was to be tried, Ag-Chem objected to trial by jury, arguing that Midwest's claim against it was equitable. The court agreed, held a bench trial over Midwest's objections, and entered judgment in favor of Ag-Chem. The court made the following conclusions regarding the right to a trial by jury:

5. That an action for indemnity is equitable in nature.

6. That equitable actions are not triable by a jury.

Midwest appeals, raising only the jury trial issue.[1]

The right to a jury trial in civil cases is guaranteed only in those actions which were triable by jury at common law prior to June 18, 1852. Ind. Rules of Procedure, Trial Rule 38(A); *Estate of Ballard v. Ballard* (1982), Ind.App., 434 N.E.2d 136, 140. Equity claims are to be tried to the court. *Lewandowski v. Beverly* (1981), Ind.App., 420 N.E.2d 1278, 1282. Therefore, the key determination to be made is whether the claim involved is legal or equitable in character. *Ballard, supra* at 140; *Winney v. Board of Commissioners* (1977), 174 Ind. App. 624, 369 N.E.2d 661, 664. Indiana recognizes that "[t]he character of an action is determined by its substance, not its caption or formal denomination." *English Coal Co. v. Durcholz* (1981), Ind.App., 422 N.E.2d 302, 308. In making such a determination, we must examine the totality of the pleadings and relief sought. *Hiatt v. Yergin* (1972), 152 Ind.App. 497, 284 N.E.2d 834, 846–847 (overruled on other grounds).

In its third-party complaint, Midwest sought to be "reimbursed and indemnified" by Ag-Chem based on Midwest's allegations that Ag-Chem "breached [its] warranties of merchantability and fitness for a particular purpose, and express warranties that the fertilizer spreader would perform as warranted for use in the business of Midwest." (R. 26) In its Specifications of Indemnity Claim and Itemization of Damages, filed on the first day of trial, Midwest repeatedly alleged that Ag-Chem was liable "for indemnity and damages" for breach of contract and warranties. (R. 95) Basically then, Midwest's claim is one for indemnity.

Indemnity claims generally arise through express or implied contracts. *McClish v. Niagara Machine & Tool Works* (1967), S.D.Ind., 266 F.Supp. 987. There is no evidence of any express contract obligating Ag-Chem to indemnify Midwest against liability or damage. Any indemnity claim asserted therefore must arise through an implied contract or obligation.

According to the Restatement of Restitution § 76 (1937):

A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct.

This rule seems to be based on principles of equity in that the duty to pay is ultimately passed on to the party who in fairness ought to pay. *See* 41 Am.Jur.2d *Indemnity* § 2 (1968).

Ag-Chem relies upon *Coca-Cola Bottling Co. v. Vendo Co.* (1983), Ind.App., 455 N.E.2d 370, for the proposition that indemnity claims are equitable and therefore should be tried to the court. In *Coca-Cola,* the Third District stated:

*Rulings of the Court-Objections.* In proceeding under Rules 38 and 39, error may be predicated upon the court's ruling or action without motion or other objection by a party. *See,* 3 W. Harvey, Indiana Practice 191 (1970). The party seeking a jury trial still must demand it, however. T.R. 39(B), (D).

---

1. Ag-Chem contends Midwest's failure to move for a continuance or file an interlocutory appeal following the court's ruling on Ag-Chem's objection to trial by jury constitutes waiver of that issue. The language of Ind.Rules of Procedure, Trial Rule 39(C) indicates, however, that the courts will avoid the necessity of formalities when acting under T.R. 38 and 39;

On the other hand, because of the equitable nature of such indemnity claims and the rule against contribution among tortfeasors who are *in pari delicto* indemnity will not be allowed where the party claiming indemnity is guilty of actual negligence, whether malfeasance, misfeasance or nonfeasance.

*Id.* at 373. As in the present case, the indemnity claim involved was based on breach of warranties identical to those sued on in the original complaint. The court there, however, was not presented with a jury trial issue, and made the statement regarding the equitable nature of indemnity claims only in the context that the party claiming indemnity may not recover if he is guilty of actual negligence. *Id.* We are unpersuaded that such an innocuous statement may be taken to mean that indemnity claims are not amenable to jury trial.

The only other guidance provided us by Indiana law is in *Dipple v. Douglas* (1860), 14 Ind. 535. There, a tenant dug a hole on the leasehold property, and when it rained, a neighboring tenant's cellar flooded. The landlord filled the hole, paid the neighboring tenant for his damages, and sued the original tenant to recover the money paid out to the neighboring tenant. Although the court was not presented with a jury trial issue, the issue on appeal was whether the trial court erred in refusing a certain jury instruction. This indicates that the claim was amenable to trial by jury.

Other courts dealing with this issue have taken different approaches. Some courts have recognized that although the claim itself is equitable in nature, the theory underlying it is one in law and jury trial is appropriate. In *Patterson v. Insurance Co. of North America* (1970), 6 Cal.App.3d 310, 85 Cal.Rptr. 665, the court held that even though the claim stated was one in equity for declaratory relief, the claim was based upon breach of contract and was therefore one at law for which a party

could demand a jury trial. The court reasoned that the equity claim was in essence being used as a substitute for the legal claim and the procedural rights attendant to the legal claim should apply. Similarly, in *Attebery v. Attebery* (1974), Mo.App., 507 S.W.2d 87, a wife sought indemnity from her husband for sums she had expended for her necessaries. The court carefully examined the nature and basis of her indemnity claim and determined she was entitled to a jury trial since the claim was based on implied contract. Thus, these courts have granted jury trials when the underlying theory was based in law, not equity.

Other courts appear to label indemnity claims as equitable in nature. *See Larson Machine, Inc. v. Wallace* (1980), 268 Ark. 192, 600 S.W.2d 1 (The court concluded that the doctrine of indemnity is based upon the equitable principles of restitution. The indemnity claim involved was based on a breach of implied warranty regarding an allegedly defective fertilizer spreader.); *Silva v. Home Indemnity Co.* (1980), R.I., 416 A.2d 664 (The court recognized a trend to allow indemnity on the basis of equity when one person is exposed to liability by the wrongful act of another in which he does not join.) These cases, however, did not address the indemnity issue in the context of the right to a jury trial.[2]

The question to be resolved in the present case is whether to label all indemnity claims as equitable for purposes of the right to jury trial or whether to adopt an approach similar to the *Patterson* approach, which would require the court to carefully examine the basis of the indemnity claim in determining whether a jury trial is appropriate. The latter approach is more reasonable given the language in *Hiatt, supra,* requiring courts to look at the pleadings as a whole and the language in *English Coal, supra,* requiring courts to look beyond the formal denomination of the

---

**2.** One court has concluded that the questions of indemnity and the amount of damages are legal, not equitable. *Campbell v. Karb* (1986), 80 Or. App. 220, 721 P.2d 881. The court made the statement, however, in the context of stating the standard of review and not in the context of a jury trial issue. We also note that *Campbell* dealt with assessment of damages and Indiana recognizes that a jury is required where damages must be assessed. *Kirk v. Harris* (1977), 173 Ind.App. 445, 364 N.E.2d 145.

action to its substance. Under this approach, if the underlying theory of recovery is equitable, *e.g.* a claim of unjust enrichment, the indemnity claim will be triable to the court; if the theory is based in law, *e.g.* a claim of damages for breach of contract, it will be triable to a jury.[3]

In the present case, the pleadings indicate that Midwest's indemnity claim was based on an alleged breach of implied and express warranties. IND.CODE 26-1-2-313, 26-1-2-314, 26-1-2-315. Clearly, such warranty actions are based in law and therefore require a jury trial upon demand. Ag-Chem contends an assignment of rights was involved in the settlement between the farmers, Midwest, and Highway, which makes the indemnity claim equitable. *Hendricks v. Frank* (1882), 86 Ind. 278. We have found nothing in the record, however, to indicate any such assignment.

Ag-Chem also contends that because Midwest did not challenge the judgment as being contrary to law, a jury trial at this point would be a waste of judicial time. The right to a jury trial, however, is "immemorial ... and ... should be jealously guarded by the courts." *Hiatt, supra* 284 N.E.2d at 842. Ind.Rules of Procedure, Trial Rule 61 requires us to determine whether any error was harmless. We must remand for a jury trial unless any error was manifestly harmless. *In re N-500L Cases* (1982), 1st Cir., 691 F.2d 15, 25.[4] A finding of harmless error requires a determination that even if a jury trial had been held, the trial court would have had to enter a directed verdict against the party asserting the right to jury trial. *Id.* On the other hand, if the record reveals that a jury sustainably could have found for the party asserting the right to jury trial, a remand is necessary. *Id.* We will review the evidence presented at trial as if we were reviewing a judgment for a directed verdict. Thus, the evidence and all reasonable inferences drawn from it, will be viewed in the light most favorable to the party requesting the jury trial. Only when the evidence reveals that the party seeking the jury trial failed to present enough evidence to avoid a directed verdict will the error be deemed harmless. Otherwise, the error is not harmless and the case must be remanded for a jury trial. The denial of the jury trial is deemed harmless under these circumstances because "[t]here is no constitutional right to have twelve men sit idle and functionless in a jury box." *Id.* at 25.

Our review of the evidence most favorable to Midwest reveals that a jury could have found that the irregular spread pattern was caused by a defect in the hydraulic pump installed by Ag-Chem. We therefore conclude that the trial court's error in striking the jury was not harmless. Accordingly, we reverse and remand this case for a jury trial.

RATLIFF, C.J., and CONOVER, P.J., concurs.

---

**3.** We note that it is not the monetary aspect of an indemnity claim which would require it to go before a jury upon demand, *see SEC v. Assett Management Corp.* (1978), S.D.Ind., 456 F.Supp. 998, but rather a basis in law.

**4.** Although the federal rules governing the right to a jury trial differ from the Indiana rules in some respects, they are similar and federal case law is instructive as to what constitutes harmless error when a party is improperly denied his right to a jury trial.