Jesse VALADEZ, Appellant
(Defendant below),

v.

CAPITAL ENTERPRISE INSURANCE
GROUP, Appellee (Plaintiff below).

No. 27A02–8610–CV–00378.

Court of Appeals of Indiana,
Second District.

March 3, 1988.

J. Richard Guerrero, Guerrero, Guerrero
& Guerrero, Marion, for appellant.

Thomas W. Michael, Kiley, Osborn, Kiley, Harker, Rogers, Michael & Certain,
Marion, for appellee.

SULLIVAN, Judge.

Jesse Valadez (Valadez) appeals a trial court judgment awarding damages to Capital Enterprise Insurance Group (Capital), subrogee of Robert Fosnaugh, who was injured in an automobile accident involving Valadez.

On the morning of December 27, 1982, Valadez, Fosnaugh, and a third driver, David Wise, were involved in a three-car collision at the intersection of 4th and Nebraska Streets in Marion, Indiana. Wise and Fosnaugh were both driving east on 4th Street—a one-way thoroughfare—at the time of the incident. Wise was driving his car in the north lane, Fosnaugh in the south. Valadez, traveling south on Nebraska, entered the intersection and collided with Wise's vehicle. The Wise car caromed into the south lane, whereupon it was hit again by Fosnaugh's car.

As a result of the accident, Fosnaugh suffered a cracked vertebra in his neck which necessitated wearing a cervical collar for thirty days and missing a substantial amount of work. He then sought recompense from Capital, his insurer, because Valadez was uninsured. The parties eventually settled upon payment of $4,175.24 pursuant to Fosnaugh's uninsured motorist coverage, and Fosnaugh signed a subrogation agreement with Capital regarding his claim. Capital, as Fosnaugh's subrogee, then brought suit against Valadez for damages arising from the accident. The par-

⬚1035

ties proceeded to trial without jury after Valadez's request for a jury was denied. After Capital presented its case-in-chief, Valadez moved for judgment on the evidence. The trial court denied the motion, and Valadez rested without presenting evidence. The court awarded judgment to Capital in the sum of $4,175.24. Valadez appeals.

Determinative of the issues presented is Valadez's contention that the trial court erred when it denied his Request for Jury Trial. He argues that the trial court incorrectly ruled Capital's complaint to be an equitable action, thereby prohibiting a trial by jury. We agree.

■ Contrary to Capital's assertions, the crux of this action is recovery of damages for negligently inflicted bodily injury. Subrogation is an equitable principle. *Loving v. Ponderosa Systems, Inc.* (1985) Ind., 479 N.E.2d 531. Nevertheless, it is merely a factual issue in this case. It pertains only to proving Capital's standing to recover damages attributable to Valadez's negligence and is not a *claim* sufficient to effect a decision, one way or the other, regarding the right to jury trial under Indiana Rules of Procedure, Trial Rules 38 and 39. *Winney v. Board of Commissioners of County of Vigo* (1977) 1st Dist., 174 Ind.App. 624, 369 N.E.2d 661; *Hiatt v. Yergin* (1972) 2d Dist., 152 Ind.App. 497, 284 N.E.2d 834. Capital's presentation of evidence on the reasonableness of settlement was irrelevant and meaningless to the question of trial by jury. The totality of the pleadings and the character of the relief sought demonstrate this to be an action in tort for damages. *See Arnold v. Dirrim* (1979) 3d Dist. Ind.App., 398 N.E.2d 426. Such an action has been triable by jury since Indiana adopted the common law of England. *City of Terre Haute v. Deckard* (1962) 243 Ind. 289, 183 N.E.2d 815. Therefore, Valadez was entitled to a jury trial and the trial court improperly denied his request. *See Midwest Fertilizer Co., Inc. v. Ag–Chem Equipment Co.* (1987) 4th Dist. Ind.App., 510 N.E.2d 232 (indemnitee which brought suit for damages for breaches of warranties is entitled to jury trial);

*McCoy v. Oldham* (1891) 1 Ind.App. 372, 27 N.E. 647 (assignee entitled to jury trial for breach of contract action). However, we must determine whether or not the error was harmless.

As held in *Midwest Fertilizer, supra,* before we may affirm this judgment, we must conclude that the erroneous denial of the jury request was "manifestly harmless." 510 N.E.2d at 235. The test for such manifest harmlessness requires a determination "that even if a jury trial had been held, the trial court would have had to enter a directed verdict against the party asserting the right to jury trial." *Id.* at 235.

■ Although in *Midwest Fertilizer* it was the plaintiff who sought a jury trial and suffered an adverse judgment, we discern no basis for altering the harmless error test when it is the defendant who is denied a jury trial. The placement of the burden of proof does not affect the determination whether a judgment is or is not required as a matter of law. To this effect *see Arcamonte v. Springfield Life Insurance Co.* (Fla.App.1977) 353 So.2d 872; *Marler v. C. & S. Bank of Milledgeville* (1977) 239 Ga. 342, 236 S.E.2d 590; *General Electric Credit Corp. v. Richman* (N.D. 1983) 338 N.W.2d 814; *Hopson v. Southern American Insurance Co.* (Tenn.App. 1980) 618 S.W.2d 745. In all of these cases the defendant was erroneously denied a trial by jury and the courts held such to be harmless because the evidence compelled a judgment for the plaintiff.

In this regard, our review is akin to that given cases arising under Indiana Rules of Procedure, Trial Rule 50. Whether the party moving for judgment on the evidence under T.R. 50 is plaintiff or defendant, the test is the same, i.e., whether there is any evidence or reasonable inference to be drawn therefrom upon which reasonable minds might differ. *American Turners of South Bend v. Rodefer* (1978) 3d Dist., 175 Ind.App. 487, 372 N.E.2d 516.

In this case, Valadez himself moved for judgment on the evidence at the conclusion of plaintiff's evidence. After the trial court denied that motion, Valadez rested

without presenting any evidence at all. Of course he was under no duty to do so. Had he presented evidence, a claim of error in the denial of his motion would have been jeopardized, if not destroyed. *F.W. Woolworth Co., Inc. v. Anderson* (1984) 1st Dist. Ind.App., 471 N.E.2d 1249. Be that as it may, Valadez may not avert the harmless error doctrine by asserting a strategic reason for his failure to contest plaintiff's entitlement to judgment, if such entitlement was unmistakably demonstrated by the evidence.

In view of our conclusion that the doctrine of harmless error may be applicable, we must sua sponte review the evidence. It is our duty to review the evidence below, together with any and all reasonable inferences which might be drawn from that evidence, most favorably to Valadez and to resolve all doubts in his favor. If, having done so, we conclude that Capital was entitled to judgment as a matter of law, we must hold the error harmless. If otherwise, we must reverse the judgment.

In our review of the evidence, we must disregard any evidence adduced by plaintiff which was admissible for the purpose of establishing subrogation standing on the part of Capital but which was inadmissible with regard to the automobile accident of December 27, 1982, its cause and whether, as a result thereof, Fosnaugh (Capital's insured) sustained compensable injuries for which Capital paid. Such evidence included hearsay statements made by Fosnaugh's attorney in claims negotiations with Capital.

Our determination is controlled by the fact that the evidence is less than conclusive with respect to the speed at which Fosnaugh was traveling prior to the collision and with respect to whether the color of the light governing his travel upon 4th Street was flashing yellow or was green.

He testified that the light governing his travel was flashing "caution." Therefore, it was presumably yellow. But until the collision with Wise's car he was unaware of any danger and at no time saw the car of Valadez.

The evidence of record permits a strong inference that Valadez entered the intersection after facing a flashing red light and it compels a conclusion that he struck Wise's vehicle. It does not compel a conclusion, however, that Valadez was negligent in entering the intersection or, even if he was negligent, that Fosnaugh himself could not have been contributorily negligent so as to bar recovery.

For the reasons set forth, we are obligated to hold that the erroneous denial of a trial by jury was not manifestly harmless. We are, therefore, obligated to reverse the judgment and to remand with instructions to grant the request for trial by jury and to set the matter for new trial.

RATLIFF, C.J., and BUCHANAN, J., concur.