William T. HOWELL and Christine Howell, Appellants–Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY, Appellee–Defendant.

No. 72A01–8802–CV–66.

Court of Appeals of Indiana, First District.

Nov. 22, 1988.

Farm Fire and Casualty Company (State Farm) on their homeowner's insurance policy for losses they sustained when their home burned. They appeal an adverse judgment rendered in favor of State Farm, raising an issue which we have determined to be dispositive of the appeal: whether the trial court reversibly erred in denying them a trial by jury.

■ In Indiana, the right to trial by jury in civil cases is of constitutional dimension but, like other constitutional guarantees, is not absolute. Art. 1, § 20 of the Indiana Constitution entitles a party to a jury trial as a matter of right only where such a right existed prior to June 19, 1852. Ind. Rules of Procedure, Trial Rule 38(A). The distinction is essentially one of law and equity. We look to the nature of the claims stated in the complaint and pleadings as a whole. When the claim or cause of action or any essential part thereof is such as to necessarily invoke the equitable jurisdiction of the court, the entire action is drawn into and tried as a matter of equity and no right to trial by jury exists. *Hiatt v. Yergin* (1972), 152 Ind.App. 497, 284 N.E.2d 834; *trans. denied,* overruled on other grounds, 411 N.E.2d 653; *Winney v. Board of Commissioners of County of Vigo* (1977), 174 Ind.App. 624, 369 N.E.2d 661.

In the first count of their two-count complaint, the Howells sought recovery of damages in the amount of their losses to the policy's limits. By the second count, they asked for punitive damages. State Farm denied the allegations of the complaint in its answer and raised five affirmative defenses. It claimed the Howells had not sustained an accidental loss, had failed to use reasonable means to secure their property after the loss, made material and false representations to induce State Farm to issue the policy, had failed to comply with the terms and conditions of the policy because they failed to cooperate in the investigation, and made false representations to State Farm after the loss. By counterclaim, State Farm asked the court to rescind or cancel the policy based upon the Howells' alleged misrepresentations. The

Joseph Leon Payne, Austin, for appellants-plaintiffs.

John Beeman, Timothy J. Hulett, Michael V. Gooch, Harrison & Moberly, Indianapolis, for appellee-defendant.

ROBERTSON, Judge.

William T. Howell and Christine Howell (Howells) brought this action against State

Howells answered the counterclaim by generally denying its allegations and alleged as an affirmative defense that State Farm failed to elect to rescind by tendering the premiums to the Howells.

■ It is well established that an action on an insurance policy is an action at law properly triable by a jury. *New York Life Insurance Co. v. Skinner* (1938), 214 Ind. 384, 14 N.E.2d 566; *Prudential Ins. Co. v. Smith* (1952), 231 Ind. 403, 108 N.E.2d 61. Similarly, an answer alleging misrepresentation in an application for a policy of insurance presents questions properly triable by a jury in an action on the policy. *New York Life Insurance Co. v. Kuhlenschmidt* (1937), 213 Ind. 212, 11 N.E.2d 673. And, where there exists no need to seek the court's equitable jurisdiction because a defendant insurance company has not been threatened with the loss of its remedy at law, *see e.g. Fish v. Prudential Insurance Co.* (1947), 225 Ind. 448, 75 N.E.2d 57, a counterclaim or cross-action seeking only a cancellation or rescission of the policy based upon fraud or misrepresentation raises no special circumstances which would warrant the exercise of equitable jurisdiction. In such a case, an adequate and complete remedy at law exists by setting up the defense of fraud. *Prudential Life Ins. Co. v. Smith, supra* 231 Ind. at 414, 108 N.E.2d 61; *New York Life Ins. Co. v. Skinner, supra.*

■ State Farm was not faced with the risk of losing its defense at law by virtue of an incontestability clause as in *Fish, supra.* It pleaded misrepresentation both as an affirmative defense and as a basis for rescission. Although State Farm denominated its allegations and prayer for rescission as a counterclaim, it sought to do nothing by its counterclaim other than defeat the Howells' cause of action on the policy. Under these circumstances, there is no need for equitable intervention as State Farm had an adequate remedy of law. A jury trial on these issues should have been granted and the trial court erred in denying one.

■ However, error in the denial of a jury trial may be harmless. *Midwest Fer-*

*tilizer Co., Inc. v. Ag–Chem Equipment Co.* (1987), Ind.App., 510 N.E.2d 232; *Valadez v. Capital Enterprise Ins. Group* (1988), Ind.App., 519 N.E.2d 1257. Our review is akin to the review of a T.R. 50 directed verdict; we view the evidence and all reasonable inferences therefrom in a light most favorable to the party requesting a jury trial. If the record reveals a jury sustainably could have found for the party asserting the right to a jury trial, i.e. that the evidence is such that reasonable minds could differ, remand is necessary. *Valadez, supra* at 1258; *Midwest Fertilizer Co., Inc., supra* at 235.

The trial court entered findings of fact and conclusions of law, ruling in favor of State Farm on its affirmative defenses of material misrepresentation, "false swearing," and rescission, and against the Howells on their claim that State Farm breached its contract of insurance by failing to pay the Howells for the fire loss. Having reviewed much of the testimony, we find the defenses of misrepresentation and false swearing raise primarily questions of credibility as the Howells have admitted subsequently, during discovery, that certain matters contained on the application are factually incorrect. William Howell testified his wife was not present when he applied for the insurance. He maintained the application was filled in by State Farm after he signed it and that the agent did not read to him the questions where inaccuracies were discovered. He told the court he could barely read, and that he presented State Farm with a letter from a former insurer which indicated his coverage had been cancelled.

With respect to its false swearing defense, State Farm relied upon a provision of the policy which renders the entire policy void "if any insured has intentionally concealed or misrepresented any material fact or circumstance relating to th[e] insurance." State Farm claimed the Howells intentionally misrepresented their previous losses, prior judgments and prior insurance policy cancellations in a post-fire interview under oath and again at their deposition. The Howells offered explanations for their

answers in the statements and depositions. While their responses are not particularly convincing, a reasonable person might evaluate the Howells' credibility differently than the trial court did, and find the misrepresentations were neither intentional nor, at that point, material.

The Howells demonstrated they sustained losses which were covered by the policy with State Farm and that State Farm has refused to compensate them as agreed. Since there was not a complete failure of proof on the Howells' claim, and the record contains conflicting evidence on the affirmative defenses, we must conclude the error in denying a trial by jury prejudiced the Howells and constituted reversible error.

■ State Farm argues the Howells waived their right to trial by jury by failing to object when the trial court set the matter for a bench trial and by consenting to trial in Jennings County. T.R. 39(A) provides that "[i]ssues upon which a jury trial is so demanded shall be tried by jury," unless the parties, by written or oral stipulation on the record, "consent to trial by the court sitting without a jury upon any or all issues triable by jury as of right and so demanded, ..." T.R. 39(C) makes clear that in proceeding under Rules 38 and 39, a party may predicate error upon the court's action without motion or objection. Accordingly, no action or objection by the Howells was necessary to preserve error. *Accord, Guess v. Weiss* (1986), Ind.App., 493 N.E.2d 812.

We have also reviewed the Howells' consent to trial in Jennings County, and find the only matter discussed was location. It cannot fairly be construed as an oral stipulation to trial by the court without a jury.

JUDGMENT REVERSED AND REMANDED.

RATLIFF, C.J., and MILLER, J., concur.