## V. Gene WHISLER and Phyllis Whisler, Defendants–Appellants,

v.

## BANK OF HENRY COUNTY, Plaintiff–Appellee.

No. 33A01–8908–CV–338.

Court of Appeals of Indiana, First District.

May 24, 1990.

Eric N. Allen, Brand & Allen, Greenfield, for defendants-appellants.

Martin R. Shields, Yergin & Yergin, New Castle, for plaintiff-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Gene and Phyllis Whisler (Gene and Phyllis) appeal the judgment of the Henry Superior Court in favor of the Bank of Henry County (the Bank) on the Bank's claim that Gene and Phyllis were liable as guarantors for the promissory note executed and defaulted upon by Steven Whisler (Steven). We reverse and remand for proceedings consistent with this opinion.

## FACTS

On April 11, 1985, Steven M. Whisler executed a promissory note to the Bank for $53,188.52. In the record is a guaranty of this loan signed by Gene and Phyllis on April 11, 1985. Gene and Phyllis both claim that they executed this guaranty agreement prior to April of 1985, and both Gene and Phyllis testified that at the time they signed the guaranty agreement portions of that agreement remained blank. Steven defaulted on the underlying promissory note. Therefore, after some attempted restructuring of the obligation, the Bank filed suit against Steve, Gene and Phyllis, and a third guarantor, Beth Whisler (Beth), Steve's wife, on February 2, 1987.

On April 13, 1987, Steven and Beth filed an answer and a demand for a jury trial. Gene and Phyllis never filed an answer. On July 7, 1988, a bench trial was commenced without objection by any party. On February 22, 1989, the trial court issued its Findings and Orders and held in pertinent part that Gene and Phyllis were jointly and severally liable, along with Steven and Beth, to the Bank for the amount of the promissory note plus interest, expenses, court costs and attorney fees. Gene and Phyllis's liability for the debt was based on Steven's default and their guaranty of the debt. From this determination, Gene and Phyllis appeal.

## ISSUE

Gene and Phyllis raise several issues on appeal; however we find the following issue to be dispositive:

Whether reversible error resulted when trial was had by and judgment was entered against Gene and Phyllis based upon a bench trial given that Steven and Beth had demanded a jury trial and no stipulation altering this demand was ever entered with the trial court.

## DISCUSSION AND DECISION

■ Gene and Phyllis argue that the trial court erred in entering judgment absent a jury verdict because a demand for a jury trial had been made within the applicable time limits. Gene and Phyllis are correct. As stated in *Guess v. Weiss* (1986), Ind. App., 493 N.E.2d 812, 814:

"The language of T.R. 39(A) is specific. Once a timely demand for jury trial has been made the cause *shall* be designated a jury action. The cause was not so designated here. This was error."

Ind. Trial Rule 38(D) states that "[a] demand for trial by jury made as herein provided may not be withdrawn without the consent of the other party or parties." In the present case, Steven and Beth made a timely demand for a jury trial and the record is silent as to any stipulation or agreement altering that demand. Therefore, the trial court was under an obligation to try the case by jury, and the court's failure to do so constitutes error.

■ The Bank argues, however, that because Gene and Phyllis allowed the bench trial to proceed through judgment without objection, they waived their right to trial by jury. The Bank is mistaken. Ind. Trial Rule 39(C) states that "in proceeding under Rules 38 and 39, error may be predicated upon the court's ruling or action without motion or other objection by a party." Accordingly, no action or objection is necessary to preserve error predicated upon the failure to conduct a trial by jury after a timely demand for a jury trial has been made. *See Howell v. State Farm Fire and Casualty Co.* (1988), Ind.App., 530 N.E.2d 318, 321 (Court, relying on T.R. 39(C), rejected appellee's claim that appellant waived its right to trial by jury by failing to object when trial court set the matter for a bench trial and by consenting to trial); *Midwest Fertilizer Co. v. Ag-Chem Equipment Co.* (1987), Ind.App., 510 N.E.2d 232, 233, n. 1 (Court, noting that courts will avoid the necessity of formalities when acting under T.R. 38 and 39, rejected appellee's claim that appellant's failure to move for a continuance or file for an interlocutory appeal following court's ruling on appellant's objection to trial by jury constituted waiver of that issue); *Guess*, 493 N.E.2d at 813 (Court held that appellant was not required to respond to appellee's erroneous designation of the cause as a bench trial; nor was appellee required to respond or object to trial court's erroneous designation in its order setting the cause for bench trial to preserve error based on court's failure to conduct properly demanded jury trial.) Therefore, Gene and Phyllis did not waive their right to jury trial by failing to object to the bench trial proceedings, and the trial court's failure to conduct a jury trial stands as error.

The Bank next argues that even if the trial court did err in conducting a bench trial, such error was harmless in the present context. More specifically, the Bank argues that because Gene and Phyllis failed to file an answer, all allegations made against them in the Bank's complaint must be considered judicial admissions, and that, therefore, a jury would be forced to reach the same conclusion as that reached by the bench. Finally, the Bank argues that because the result would be unchanged by a trial by jury, the court's error in conducting a bench trial should be considered harmless.

■ Error in failing to conduct a jury trial may be deemed harmless. *Howell*, 530 N.E.2d at 320; *Valadez v. Capital Enterprise Insurance Group* (1988), Ind. App., 519 N.E.2d 1257, 1258; *Midwest Fertilizer*, (1987), Ind.App., 510 N.E.2d 232, 235; and *see* Ind. Trial Rule 61 (Requiring that error be subjected to harmless error analysis.) The test for deciding whether or

not the failure to conduct a jury trial constituted harmless error is to determine whether the trial court would have been required to enter a directed verdict had a jury trial been held, or whether a jury verdict in favor of the losing party could have been sustainable given the record on appeal. *Valadez,* 519 N.E.2d at 1258–59; *Midwest Fertilizer,* 510 N.E.2d at 235. In the present case, the Bank contends that a directed verdict would be required because Gene and Phyllis failed to file an answer to the Bank's complaint.

■ The effect of failing to deny the allegations made in a complaint is explained in Ind. Trial Rule 8(D) which states:

"Averments in a pleading to which a responsive pleading is required, except those pertaining to amount of damages, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."

Therefore, according to the Bank, Gene and Phyllis, by not denying the allegations made in the Bank's complaint, admitted to the fact that they guaranteed the promissory note entered into and defaulted upon by Steven. Given this judicial admission, the Bank argues that a jury would be required to find Gene and Phyllis liable to the Bank for the amount of the note. *See* 1 Harvey, *Indiana Practice: Rules of Procedure Annot.* § 8.9, 386–87, (West 1987).

The Bank correctly notes that an allegation left uncontested is deemed admitted under T.R. 8(D), but fails to point out that in the present case the Bank's allegations did not remain uncontested. Rather, a trial was held during which Gene and Phyllis contested the validity of the guaranty, raised several affirmative defenses, and argued over the type and amount of damages for which they could be held liable under the guaranty agreement. At no time did the Bank move for a default judgment, object to the admission of evidence related to issues not pleaded, or move for judgment on the evidence.

We consider this case to be similar to the case of *Howard v. Alfrey* (11th Cir.1983), 697 F.2d 1006, 1009.[1] In *Howard,* an intervening party filed a complaint to which the opposing party filed no answer. The trial court noted that the issues sought to be deemed conclusively decided by the party's failure to plead, were actually litigated by the trial court. *Id.* The court then stated:

"Recognizing that '[r]ules of practice and procedure are devised to promote the ends of justice, not to defeat them,' *Hormel v. Helvering,* 312 U.S. 552, 557, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941), we reject appellees' argument that appellants are estopped from bringing this appeal."

*Id.* Given the purpose of procedural rules, we refuse to deem allegations admitted that were vigorously contested without objection at trial.

■ We next note that where a party fails to object to the admission of evidence relating to an affirmative defense not pleaded, the issue is properly before the court. *Homemakers Finance Service, Inc. v. Ellsworth* (1978), 177 Ind.App. 640, 642, 380 N.E.2d 1285, 1287. In the present case Gene and Phyllis argued at trial lack of notice of default, failure of consideration, and alteration of a document, all of which constitute affirmative defenses. The Bank never objected to bringing these issues before the court, despite the fact that such issues were obviously outside the pleadings. Therefore, such issues were properly before the court and cannot be deemed waived merely because the issues were not raised in a responsive pleading.

■ Finally, we note that even under the dictates of T.R. 8(D), the issue of damages will not be considered admitted by failure to respond. At trial Gene and Phyllis argued that they were not liable for the en-

1. We realize that *Howard* involves a complaint by intervention and that a responsive pleading is not necessarily required to such a complaint. However, the court in *Howard* did not decide the case before it on that basis. Rather, in determining that the party's failure to answer did not result in estoppel, the court relied on the fact that the issues raised in the complaint by intervention were contested and fully litigated at trial. *Howard,* 697 F.2d at 1009.

tire amount of the promissory note, but only for that amount which the Bank was unable to recover from Steven. Also, Gene and Phyllis argued that they were not liable for attorney fees or court costs. Therefore, even if the issue of liability were to be deemed outside the realm of jury deliberation in the present case, T.R. 8(D) would not prevent a jury trial to be held on the issue of damages.

Therefore, we hold that Gene and Phyllis's failure to file answer was vitiated by the following circumstances: the allegations raised in the Bank's complaint were contested and litigated at trial, the Bank never objected to the admission of evidence relating to affirmative defenses not pleaded, and the issues relating to the amount of damages were specifically exempted from the general rule articulated in T.R. 8(D).

Thus, a jury's verdict which differed from the judgment entered by the trial court in this case could have been sustainable on the record, and the court's failure to conduct a trial by jury cannot be deemed harmless. We therefore reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

ROBERTSON and BAKER, JJ., concur.