## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 27 2019, 9:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Richard E. Bryant
The Law Office of Richard E. Bryant, P.C.
Goshen, Indiana

ATTORNEY FOR APPELLEE

Susan R. Corwin-Cripe
Elkhart, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Nancy L. Beeman,
*Appellant-Plaintiff,*

v.

Robert E. Wyman,[1]
*Appellee-Defendant.*

August 27, 2019

Court of Appeals Case No.
18A-PL-2392

Appeal from the Elkhart Circuit Court

The Honorable Michael A. Christofeno, Judge

Trial Court Cause No.
20C01-1401-PL-7

**Mathias, Judge.**

---

[1] Kenneth L. Wyman was also named as a defendant in the amended complaint but did not appear or otherwise participate in the trial court proceedings or this appeal.

The Elkhart Circuit Court entered judgment in favor of Robert Wyman ("Wyman") on September 4, 2018, finding that Nancy Beeman ("Beeman") failed to establish that Wyman was liable for check deception. Beeman appeals, arguing that Wyman waived his affirmative defenses. We affirm.

## Facts and Procedural History

Wyman opened Cozy Traveler, Inc. ("Cozy Traveler") in 2008 to manufacture small RVs. Beeman, who knew Wyman through her late husband, began loaning Cozy Traveler money in 2010. The first loan of $30,000 was issued in June 2010 and was to be repaid in 24 months, with monthly interest payments made in the interim. Ex. Vol., Plaintiff's Ex. 1. Starting in November 2010, Beeman also issued several smaller loans to Cozy Traveler. The loans were used to finance units to be built. Ex. Vol., Plaintiff's Ex. 2–5, 7–12. In exchange for a loan, Cozy Traveler issued Beeman a promissory note and check for the amount of the loan. Once the RV was sold, Wyman would tell Beeman that she could cash the check for the principal amount of the loan. Cozy Traveler would then issue a check for the interest on the loan. *Id*. Beeman issued Cozy Traveler ten loans for a total of $91,583 between November 15, 2010 and February 1, 2011, which were paid in a timely manner with interest. *Id*.

Beginning on February 9, 2011, Beeman issued Cozy Traveler five additional loans for a total of $47,150. Cozy Traveler began experiencing financial difficulties, and Wyman never told Beeman that she could cash the checks for repayment. Tr. p. 51–52. Wyman sent Beeman a note in 2011 to alert her of Cozy Traveler's financial difficulty and explain that her repayments would be

delayed. Ex. Vol, Plaintiff's Ex. 19. In 2013, Beeman sent Cozy Traveler a note giving them thirty days to repay the loans. Ex. Vol, Plaintiff's Exhibit 21. The initial $30,000 loan and the last five loans were never repaid.

[4] Beeman filed a complaint against Wyman in his individual capacity on January 10, 2014 for (1) an unpaid promissory note for $30,000 plus 12% interest, and (2) check deception for five checks and promissory notes produced in exchange for five good checks from Beeman in violation of Indiana Code section 35-43-5-5.

[5] At the close of the bench trial, both parties stipulated to filing memorandums of law and closing arguments. Tr. pp. 61–63. In Wyman's written brief, he asserted the affirmative defense that Beeman knew that Cozy Traveler had insufficient funds in its checking account when the five bad checks were issued. Beeman filed a motion to strike Wyman's affirmative defense, claiming that Wyman's failure to assert the affirmative defense in his responsive pleadings waived the defense. The trial court denied Beeman's motion to strike and entered judgment in favor of Wyman on September 4, 2018.[2]

[6] Beeman now appeals, arguing that the affirmative defenses of check deception as listed in Indiana Code section 35-43-5-5(f) are affirmative defenses under

---

[2] The trial court found that the facts of Beeman's case did not "rise to the level established in *Aronson v. Price*, 644 N.E.2d 864 (Ind. 1994)" and thus did not allow the court to pierce the corporate veil of Cozy Traveler. Neither Robert Wyman nor Kenneth Wyman, a representative of Cozy Traveler, can be held individually liable for the corporate debt.

Indiana Trial Rule 8(C), and that Wyman waived his right to these affirmative defenses when he failed to plead them in his responsive pleadings.

## Discussion and Decision

[7]   "A person does not commit a crime under subsection (a) when the payee or holder knows that the person has insufficient funds to ensure payment or that the check, draft, or order is postdated[.]" I.C. § 35-43-5-5(f)(2). This is an affirmative defense under Indiana Trial Rule 8(C).

[8]   Under Trial Rule 8(C), "A responsive pleading shall set forth affirmatively and carry the burden of proving…affirmative defense[s]." Wyman first set forth the affirmative defense of shared knowledge of insufficient funds in his memorandum at the close of trial. Beeman argues that Wyman waived his right to the affirmative defense when he failed to include it in his responsive pleadings.

[9]   Although Wyman failed to include the affirmative defense in his pleadings, the affirmative defense is not automatically waived.

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time. . .but failure so to amend does not affect the result of the trial of these issues.

T.R. 15(B).

[10] Thus, an affirmative defense may still be properly before the trial court if it has been tried by implied consent of the parties, as "where the evidence presented at trial is such that a reasonably competent attorney would have recognized that the unpleaded issue was being litigated." *State Exchange Bank of Culver v. Teague*, 495 N.E.2d 262, 270 (Ind. Ct. App. 1986). This court has also previously noted that an affirmative defense is properly before the court when a party fails to object to the admission of evidence related to the affirmative defense. *Whisler v. Bank of Henry County*, 554 N.E.2d 17, 20 (Ind. Ct. App. 1990).

[11] In this case, consent to litigate the unpleaded affirmative defense will be found if Beeman had overt or implied notice that evidence was being presented that she knew that Cozy Traveler had insufficient funds to cover the checks, and she failed to object to the admission of this evidence.

[12] Our review of the record of the proceedings reveals that Wyman presented evidence as to Beeman's knowledge of the funds in Cozy Traveler's account such that a reasonably competent attorney would have recognized that the unpleaded issue was being litigated. First, Wyman sought information about Beeman's knowledge of Cozy Traveler's financial situation in his request for admissions. The first five requests asked Beeman to admit she "knew and understood when she received [each of the last five unpaid checks]. . . that [they were] unfunded." Appellant's App. Vol. II, p. 149. Beeman denied each request but did not object. These five requests notified Beeman that her knowledge of Cozy Traveler's insufficient funds could be an issue at trial.

[13] Testimony at trial also revealed that Wyman told Beeman that the money would be used to manufacture the RVs, and thus the checks were unfunded when issued. Wyman was asked:

Q: Was it your understanding – did you believe that Mrs. Beeman understood, when you gave her each one of these checks, that they were not funded checks?

A: That's correct. They were – they were to be used to, um, to manufacture.

Q: So you believed that Mrs. Beeman understood that.

A: Correct.

Q: And did you tell her that?

A: Correct.

Tr. p. 50.

[14] Beeman did not object. Wyman and Beeman both testified that Beeman only cashed the first ten checks after Wyman instructed her to, but Beeman would cash the interest checks immediately after they were issued. *Id.* at 50, 60. Wyman testified that he ran into financial difficulties and thus never told Beeman to cash the last five principal checks; Beeman did not cash the last five principal checks. *Id.* at 50–51. Again, Beeman did not object to this line of questioning that suggested Beeman waited to cash the principal checks because

she knew that Wyman could not pay back the principal loans until the RVs were sold.

[15] Although the affirmative defense was not pleaded, Wyman presented evidence of the shared knowledge of insufficient funds at trial. He submitted a request for admissions, testified as to his own knowledge of the plan and what he communicated to Beeman, and asked Beeman why she waited to cash the checks. Beeman failed to object to these questions and testimony.

[16] The purpose behind Trial Rule 15(B) is to "provide parties with some flexibility in litigating a case, and to promote justice by permitting evidence brought in at trial to determine the liability of the parties." *Baker v. Midland-Ross Corp.*, 508 N.E.2d 32, 37 (Ind. Ct. App. 1987), *trans. denied*. The evidence presented clearly indicates an issue regarding Beeman's knowledge of the sufficiency of the funds in Cozy Traveler's accounts, and Beeman failed to object to evidence relevant to the affirmative defense. The issue was therefore tried by consent under Trial Rule 15(B), and the affirmative defense was properly before the trial court.

## Conclusion

[17] Wyman did not waive his affirmative defense by failing to assert it in his responsive pleadings. Affirmed.

May, J., and Brown, J., concur.